(63 App. Div. 122.)

VOLGER et al. v. FORCE et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. TRADE-MARKS—INFRINGEMENT—LABELS.
Where manufacturers adopted the word "Excelsior" to indicate certain felt pads manufactured by them, and also a distinctive label having on it "Excelsior Felt Pads," the fact that their name was not on the label, or that they manufactured the goods for sale by retail dealers, cannot prevent them from acquiring a trade-mark in the name and label adopted.

2. SAME.
Where manufacturers have used the word "Excelsior" to indicate certain felt pads manufactured by them, and have adopted a label having on it "Excelsior Felt Pads," which they have employed for many years in their business as such manufacturers, and the pads have become known to the trade by the name and label adopted, they have a valid trade-mark both in the name and the label.

3. SAME—INJUNCTION.
After plaintiffs had established a large business in certain felt pads sold by them under the name "Excelsior," and with a label having on it "Excelsior Felt Pads," defendants, who had purchased goods from them, began the manufacture of similar goods, changing the word "Excelsior" to "Excellent," and using labels almost an exact reproduction of such manufacturers' label. *Held*, that defendants were guilty of an infringement of such trade-mark, which plaintiffs were entitled to enjoin.

4. SAME—RIGHT TO RESTRAIN.
Where manufacturers have established a trade in certain felt pads under the name "Excelsior," and indicated their manufacture by a label having on it "Excelsior Felt Pads," that they manufactured them for others, and printed the retailers' names on the labels, cannot prevent them from restraining an infringement.

5. SAME—EXTRA ALLOWANCES.
Where, in a suit to restrain an infringement of a trade-mark, no damages are awarded to plaintiffs, and there is no evidence that plaintiffs' sales have fallen off because of the infringement, or that their profits have been decreased, or that the trade-mark has been injured, an extra allowance cannot be awarded.

Appeal from judgment on report of referee.

Action by William B. Volger and another against William A. Force and another to restrain an infringement of a trade-mark. From a judgment entered on report of a referee, and from an order granting an extra allowance, defendants appeal. Judgment affirmed, and order granting the extra allowance reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William E. Warland, for appellants.

H. Albertus West, for respondents.

INGRAHAM, J. The judgment appealed from restrains the defendants from selling or using certain labels of the plaintiffs, as an infringement of the plaintiffs' trade-mark · adopted to indicate the goods sold and manufactured by them. It appears without contradiction that the plaintiffs in September, 1891, adopted the word "Excelsior" to indicate certain felt pads used for the purpose of

inking stamps manufactured by them, and at the same time adopted a distinctive label having upon it the words "Excelsior Felt Pads." These labels seem to be of three sizes, and were placed upon the outside of packages containing one dozen of these pads, distinguished by numbers 0, 1, and 2, and during that time the pads manufactured by the plaintiffs had become known in the trade as the "Excelsior Pad," and the plaintiffs had developed a large and profitable business, aggregating about $40,000 a year. For the past eight or nine years the defendants have purchased from the plaintiffs pads bearing this label, but subsequently, in the year 1899, stopped purchasing "Excelsior" pads from the plaintiffs, and caused a label to be printed which was an exact copy of that adopted by the plaintiffs, except that the word "Excellent" was substituted for the word "Excelsior"; the form of the package, the shape of the pad, the color of the ink, and the letters being an exact reproduction of the plaintiffs' label, under which these goods were introduced in the market. One of the defendants was called as a witness, and testified that their labels were printed for them by a printer; the witness being unable to tell who gave the order, or how it was that the label thus printed was an exact reproduction of the plaintiffs' label. The plaintiffs' name does not appear upon their labels, nor does the defendants' name appear upon the labels adopted by them; the evidence being that these goods were generally sold by the name adopted, the plaintiffs' pads being sold under the name "Excelsior." The plaintiffs manufactured "Excelsior Pads" for wholesale and retail houses, printing upon the outside labels the name of the house for whom they were manufactured; but it would appear that such pads manufactured for other houses, while designated as "Excelsior Pads," did not have upon them the plaintiffs' distinctive labels.

The fact that the plaintiffs' name was not on the label, or that they manufactured the goods for retail dealers, calling them by the name adopted to indicate their manufacture by the plaintiffs, does not prevent the plaintiffs from acquiring a trade-mark in the name or label adopted. The trade-mark indicates the goods that are sold under it. They become known to the public under the name that has been adopted to indicate this particular kind of goods manufactured by a particular firm. Whether this firm makes its name a part of the trade-mark or not is immaterial. It is the name and device adopted to indicate the particular goods manufactured by the plaintiffs that is the trade-mark; and, if they are manufactured only by the person who has adopted the name and trade-mark, they could be obtained only from him. The defendants seem to lay great stress upon the fact that there was no name upon this label, as though a person could not acquire a valid trade-mark unless his name was a part of the trade-mark. This is a novel proposition, is not, so far as I know, supported by any authority, and seems entirely opposed to the principle upon which a trade-mark when adopted becomes property which a court of equity will protect. These pads have become known as "Excelsior Pads." They are sold under and have become known by that name and by the par-

ticular label adopted; and, unless that trade-mark is infringed, those who wish to get Excelsior pads must purchase the pads manufactured by the plaintiff. I think that the plaintiffs have a valid trade-mark in both the name "Excelsior" and in the label adopted by them. Nor is there the slightest doubt but that the defendants, in adopting this label, changing the word "Excelsior" to "Excellent," were guilty of an infringement of the plaintiffs' trade-mark, which was a fraud upon the plaintiffs and upon the public. The defendants had purchased goods from the plaintiffs for years. They suddenly stopped purchasing, began manufacturing similar goods, and put them upon the market, adopting a name like that used by plaintiffs as indicated their pads, and a label almost identical with that of the plaintiffs, entirely failing to explain how it was that when they had a label printed they almost exactly reproduced the plaintiffs' label, and adopted a name which was almost identical with the name adopted by the plaintiffs for their goods. The fraud upon the plaintiffs is apparent, and whether we consider this as a valid trade-mark, or as an act of the defendants clearly indicating unfair competition in business, the plaintiffs are entitled to an injunction.

Nor is there anything in the claim that, because the plaintiffs have manufactured their pads and sold them to others with a label upon which the names of the dealers to whom they were sold were printed, they would be prevented from restraining the defendants from this fraudulent attack upon their property and business. We think that the evidence clearly shows a deliberate attempt on the part of the defendants to adopt a name and label under the guise of which they could sell their goods as the goods of the plaintiffs, and the court below was right in enjoining the defendants from continuing to use this label and trade-mark.

The court below, however, awarded the plaintiffs an allowance of $250. I cannot find in the case any basis upon which this allowance could be awarded. On the motion for the extra allowance, one of the plaintiffs swears that their trade in these pads amounted to $40,000 annually, the net profits being about $8,000, and the value of the trade-mark and design on the label is not less than $1,000. This is the only evidence of the value of the trade-mark, the protection of which is the subject-matter of the action. No damages were awarded to the plaintiffs. There is no evidence that the plaintiffs' sales have fallen off in consequence of the infringement of the defendants, that their profits have been in any way decreased, or that the trade-mark has been injured.

The order granting the allowance should therefore be reversed, with $10 costs, and the judgment appealed from affirmed, with costs. All concur.