Julius Lehrenkrauss et al., Copartners, under the Firm Name of J. Lehrenkrauss & Sons, Appellants, *v.* Universal Tours, Inc., Respondent.

(Argued June 12, 1933; decided July 11, 1933.)

*Joseph J. Zeiger*, *Ephraim Berliner* and *Morton Roth* for appellants.

*Benjamin Reass, Irving Moldauer* and *Emanuel Newman* for respondent.

POUND, Ch. J.   The controversy between plaintiffs and defendant is over the use of the words " Universal Tours " as a trade name or symbol descriptive of their travel agency business.

The trial court made findings of fact that plaintiff's predecessors had adopted the legend " Universal Tours "

as a trade name in the travel agency business in the year 1915; that in the year 1924 plaintiffs' predecessors adopted the legend "Universal Lehrenkrauss Travel Agency" as a trade name; that in May, 1925, plaintiffs adopted the arbitrary legend "Universal Travel Agency" as a trade name in the travel business; that neither plaintiffs nor plaintiffs' predecessors had discontinued or abandoned the use of said trade names; that the said trade names had acquired a secondary meaning; that the defendant company was engaged in a travel agency business in New York city under the name "Universal Tours, Inc.," and was incorporated after its predecessor in title had received actual notice of plaintiffs' claim of exclusive right to the trade name "Universal Tours" and that the use by the defendant of the legend "Universal Tours" as a part of its corporate name has caused confusion in the trade with the result that numerous concerns have extended credit to tourists bearing credentials issued by the defendant and have forwarded said credentials to plaintiffs for redemption in the mistaken belief that said credentials emanated from or were issued by plaintiffs.

The court found as conclusions of law that the legend "Universal Tours" is a good and valid trade name and is owned by the plaintiffs; that the defendant by the use of its corporate name is trespassing upon the rights of plaintiffs and is guilty of unfair competition and that plaintiffs are entitled to a perpetual injunction enjoining and restraining the defendant from the use of the words "Universal Tours" as a part of its corporate name.

The Appellate Division reversed, made new findings of fact and dismissed the complaint. Such findings were largely based on the fact that plaintiffs' predecessors, after having filed certificates in the Kings County Clerk's office (Penal Law, § 440) to the effect that they were conducting business under the assumed name of "Universal Tours" and "Universal Tour Company," filed, in February, 1924, in said Clerk's office certificates dis-

continuing the assumed names " Universal Tours " and " Universal Tour Company." The form of this certificate of discontinuance was as follows, signed by the plaintiffs' predecessors: " We certify that we have discontinued and terminated *the conduct and transaction of any business under the name* of Universal Tours [the other certificate reading Universal Tour Company], and hereby direct and authorize the Clerk of the County of Kings to cancel the certificate made and acknowledged by them [giving the date of the filing of the certificates as heretofore stated]."

Defendant was incorporated in 1927. Jack Jacobs, the president of the defendant corporation, had been in the travel agency business with his father prior to 1924 under the assumed name " European Travel Service." The business grew. The name " Universal Tours " impressed him as more suitable. He adopted the name " Universal Tours " as an assumed name under which to do business in 1926 and incorporated under the name " Universal Tours, Inc.," in 1927. Before he incorporated he was advised by plaintiffs' representative that plaintiffs claimed the exclusive right to use the name " Universal Tours."

Confusion has arisen over the discontinuance by plaintiffs of doing business under the assumed name of " Universal Tours " and " Universal Tours Company " and the continuance by them of the use of " Universal Tours " as a trade name descriptive of their business.

The findings of the trial court that plaintiff's predecessors adopted the trade name " Universal Tours " as early as the year 1915, and continuously employed the same, without regard to the name or assumed name under which they did business is fully sustained by the evidence. The trade name remained the property of the plaintiffs throughout. They identified that name with their travel agency business. It became a symbol descriptive of their business. They never discontinued the use of the legend " Universal Tours " in connection

with such business although they did business under an assumed name.

Defendant, and Jack Jacobs before it, appropriated the plaintiffs' trade name as an assumed name under which to do business and as a corporate name, with knowledge and notice that such name was the property of plaintiffs. The plaintiffs were thereby subjected to unfair competition by a rival; to an invasion of the good will acquired by them for the trade name. (*International News Service* v. *Associated Press*, 248 U. S. 215, 246; *Fisher* v. *Star Co.*, 231 N. Y. 414, 427; *Forsythe Co.* v. *Forsythe Shoe Corp.*, 234 App. Div. 355; modfd., 259 N. Y. 248; *Tiffany & Co.* v. *Tiffany Productions*, 237 App. Div. 801; affd., 262 N. Y. 482.) The assumed innocence of the defendant's president, Jacobs, who testified that in an investigation he had made he had overlooked a sign in one of the windows of plaintiffs' place of business and had failed to find advertising matter bearing the words " Universal Tours," indicates either that he was looking with eyes shut or seeing only what he wanted to see. The conclusion seems inevitable that Jacobs relied mainly on the certificate of abandonment and discontinuance of the right " to do business " under the assumed name or names which plaintiffs' predecessors had filed, in order to appropriate the trade name which plaintiffs had always used in connection with their business.

Defendant may not justify the use of plaintiffs' trade name by the idle pretense that it was misled by the filing of the certificates of discontinuance of the right " to do business " under the assumed name into the belief that plaintiffs had discontinued and abandoned their property right to use the trade name " Universal Tours " as a symbol descriptive of their business. An assumed name under which to do business is not the same as such name when used as a symbol of plaintiffs' travel service. One may do business under one name and

symbolize the business by another name. (*Fisher* v. *Star Co., supra.*) The fact remains that the symbol " Universal Tours " was inseparably attached to plaintiff's business, under whatever name such business was conducted; that there was no non-user and no intent to abandon the trade name. (*Rockowitz C. & B. Corp.* v. *Madame X Co.,* 248 N. Y. 272, 277.)

Defendant's incorporators had a perfectly good name for a travel service agency. If that was not satisfactory, many other names were available. Why should they appropriate plaintiffs' trade name " Universal Tours " except to breed confusion and to mislead the traveling public?

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Judgment accordingly.