NEVA-WET CORPORATION OF AMERICA, INC., Respondent, v. NEVER WET PROCESSING CORPORATION et al., Appellants, Impleaded with Another.

Argued October 11, 1937; decided March 8, 1938.

*Maurice Rubinger* and *Robert Jacobs* for appellants. Defendants conclusively proved prior and continuous user. (*Greacen* v. *Bell*, 115 Fed. Rep. 553; *Cutter* v. *Gudebrod*, 44 App. Div. 605; *Lamb & Co.* v. *Herskovits*, 204 App. Div. 407; *Nelson* v. *Winchell*, 203 Mass. 75; *Ansehl* v. *Williams*, 267 Fed. Rep. 9; *O'Rourke* v. *Central City Soap Co.*, 26 Fed. Rep. 576; *Page Co.* v. *Fox Film Corp.*, 83 Fed. Rep. [2d] 196; *Baglin* v. *Cusenier Co.*, 221 U. S. 580; *Wallace & Co.* v. *Repetti, Inc.*, 266 Fed. Rep. 307; *Beechnut Co.* v. *Lorillard Co.*, 273 U. S. 629; *Rockowitz C. & B. Corp.* v. *Madame X Co.*, 248 N. Y. 272.) The judgment does violence to the maxim that he who comes into equity must do so with clean hands. (*Holzapfel* v. *Rehtjen*, 183 U. S. 1; *Holland* v. *Import Corp.*, 8 Fed. Supp. 260; *Fleischmann* v. *Fleischmann*, 7 App. Div. 280; *Prince Mfg. Co.* v. *Prince Metallic Paint Co.*, 135 N. Y. 24; *Worden* v. *California Fig Syrup Co.*, 187 U. S. 516; *Gluckman* v. *Strauch*, 99 App. Div. 361; *Lehrenkrauss* v. *Universal Tours, Inc.*, 227 App. Div. 404.) Plaintiff's advertising expenditures after notice, its sale of mere labels for a royalty charge, its use of the trade-marks on textiles or bottled chemicals — all invade appellants' rights and violate the law. (*Page & Co.* v. *Fox Film Corp.*, 83 Fed. Rep. [2d] 196; *Wallace & Co.* v. *Repetti, Inc.*, 266 Fed. Rep. 307; *Tiffany & Co.* v. *Tiffany Productions, Inc.*, 147 Misc. Rep. 679; 262 N. Y. 482; *Falk* v. *American West Indies Trading Co.*, 180 N. Y. 445; *Buffalo Mfg. Co.* v. *Batavia Leather Co.*, 153 N. Y. Supp. 779; *Waterman* v. *Gordon*, 8 Fed. Supp. 351.) The trial court erred in its findings of fact. (*Tiffany & Co.* v. *Tiffany Productions, Inc.*, 147 Misc. Rep. 679; 262 N. Y. 482; *Ansehl* v. *Williams*, 267 Fed. Rep. 9; *O'Rourke* v. *Central City Soap Co.*, 26 Fed. Rep. 576; *Wallace & Co.* v. *Repetti, Inc.*, 266 Fed. Rep. 307; *Page & Co.* v. *Fox Film Corp.*, 83 Fed. Rep. [2d] 196; *Smith Co.* v. *American Pharmaceutical Co.*, 270 N. Y. 184.)

*Murray C. Spett* and *Arthur Sheinberg* for respondent. Defendants' registration, in the absence of *bona fide* and continuous user appurtenant to and in connection with an established business or trade can, as a matter of law, avail them nothing as against the continuous use and good will created by respondent in its name, duck and slogan in the water-repellent processing business. (*Rockowitz C. & B. Corp.* v. *Madame X Co.*, 248 N. Y. 272; *Waldes* v. *International Mfrs. Agency*, 237 Fed. Rep. 502; *Layton Pure Food Co.* v. *Church & Dwight Co.*, 182 Fed. Rep. 24; *Borden Ice Cream Co.* v. *Borden's Condensed Milk Co.*, 201 Fed. Rep. 510; *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict*, 198 U. S. 118; *Elgin National Watch Co.* v. *Illinois Watch Case Co.*, 179 U. S. 665; *Singer Mfg. Co.* v. *June Mfg. Co.*, 163 U. S. 169; *Brown Chemical Co.* v. *Meyer*, 139 U. S. 540; *Carroll* v. *Duluth Superior Milling Co.*, 232 Fed. Rep. 675; *Simplex Automobile Co.* v. *Kahnweiler*, 162 App. Div. 480; *Corning Glass Works* v. *Corning Cut Glass Co.*, 197 N. Y. 173; *Beach-Nut Packing Co.* v. *Lorillard Co.*, 7 Fed. Rep. [2d] 967; *Certain-Teed Products Corp.* v. *Philadelphia & Suburban Mortgage Guarantee Co.*, 49 Fed. Rep. [2d] 114; *Apollo Bros.* v. *Perkins*, 207 Fed. Rep. 530; *Ward Baking Co.* v. *Potter-Wrightington, Inc.*, 298 Fed. Rep. 398.) Defendants definitely abandoned whatever rights they had to the use of the marks prior to respondent's adoption and user. (*Ansehl* v. *Williams*, 267 Fed. Rep. 9; *Rockowitz C. & B. Corp.* v. *Madame X Co.*, 248 N. Y. 272; *Victor Radio Corp.* v. *Radio-Victor Corp.*, 250 N. Y. Supp. 204; *Yellow Cab Corp.* v. *Korpeck*, 120 Misc. Rep. 499.) The contention of unclean hands is unfounded in fact and in law. (*Young's Rubber Corp.* v. *Lee Co.*, 45 Fed. Rep. [2d] 103; *Fleischmann* v. *Fleischmann*, 7 App. Div. 280; *Lehrenkrauss* v. *Universal Tours, Inc.*, 227 App. Div. 404; 262 N. Y. 332; *Notaseme Hosiery Co.* v. *Straus*, 240 U. S. 179; *Board of Trade* v. *Kinsey Co.*, 130 Fed. Rep. 507; 198 U. S. 236; *Fuller* v. *Berger*, 120 Fed. Rep.

274; 193 U. S. 668; *Coca Cola Co.* v. *Gay-Ola Co.*, 200 Fed. Rep. 720; *Talbot* v. *Independent Order of Owls*, 220 Fed. Rep. 660; *World's D. M. Assn.* v. *Pierce*, 203 N. Y. 419; *Curins* v. *Bryan*, 36 How. Pr. 33.)

RIPPEY, J. The plaintiff charges the defendants with unfair practices by which they have unlawfully appropriated or have threatened unlawfully to appropriate to themselves the good will which plaintiff has built up in the business of rendering fabrics, clothing and various other merchandise moth-repellent, water, spot and perspiration resistant and soil proof by means of chemical processing together with its property rights in the trademark or trade name of " Neva-Wet " and trade-mark consisting of a representation of a " duck in the rain," coupled with the slogan " sheds water like a duck's back," when used in connection with such business. Defendants have counterclaimed and assert unfair competition by plaintiff with their business and unlawful appropriation of the " duck " mark and of the mark " Never Wet," in which they claim a property right. Each asserts that the other's hands are so unclean that it may not receive any relief in a court of equity. Plaintiff has so far succeeded on all issues, but not with entire unanimity of the judges in the court below.

The findings of fact made by the trial court are fundamentally inconsistent, and under such conditions the rule is that the findings most favorable to the appellants should be adopted and a new trial granted (*Stokes* v. *Stokes*, 198 N. Y. 301). But in this case it would seem that the interests of the parties will not best be served by the award of a new trial, since the record, which could not be substantially changed on controlling points upon a new trial, conclusively indicates that the plaintiff may not succeed.

The plaintiff is a Delaware corporation and one S. Howard Lefkowitz is its president. It was incorporated July 10, 1933, and maintains an office at 500 Fifth

avenue, New York city. S. & I. Lefkowitz, Inc., was a New York State corporation organized in 1932 and engaged in business in New York city in the manufacture of ladies' dresses. It did no sponging, dyeing or processing. S. Howard Lefkowitz was also its president. It was the predecessor of plaintiff, and ceased to do business at the time of plaintiff's organization. Lefkowitz was and is the principal actor in both corporations. Phil Klein was and is the president of defendant Never Wet Processing Corporation. It was organized February 14, 1936, and is engaged in business in New York city. For a time in 1935 Klein operated, under the trade name and style of " Never Wet," and later processing of garments was done by All Weather Processors, Inc., with whom he was associated. None of the parties to this suit are engaged in manufacturing the merchandise processed by their methods. The plaintiff was interested in the sale of chemicals alleged to be made from a secret formula to various manufacturing and retail establishments for use in treating cloth and manufactured garments to make the same water and moth repellant and spot resistant and in licensing to such establishments the use of the trade-mark or trade name " Neva-Wet " and the " duck " label hereafter referred to thereon for a consideration based on the number of pieces or yardage of cloth processed. It was also engaged in processing such merchandise sent to it for that purpose by others. It claims to have popularized the process through advertising and other means so that the mark or name " Neva-Wet " and the " duck " mark have acquired a secondary meaning.

The typical and most common case of unfair competition consists in the palming off of the goods of one trader for those of another (*Perry* v. *Truefitt*, 6 Beav. 66; *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict*, 198 U. S. 118, 140; *Hanover Star Milling Co.* v. *Metcalf*, 240 U. S. 403; *Wornova Mfg. Co.* v. *McCawley & Co.*,

11 Fed. Rep. [2d] 465). It is said that nothing less will constitute unfair competition (*Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.*, 179 U.S. 665, 674). In the case at bar there is no express palming off by defendant of its goods as those of plaintiff, and it has been so found by the lower courts. There was no fraudulent representation by word or act that the goods caused to be processed by defendants were processed by plaintiff (Cf. *Hanover Star Milling Co.* v. *Metcalf, supra*).

The case here, therefore, revolves around the ownership and the right to the exclusive use of four trade-marks and of two alleged trade names in connection with the business of processing merchandise for the purposes above indicated. The law applicable to the use of trade names and trade-marks in actions for unfair competition is substantially the same (*Howard* v. *Henriques*, 3 Sandf. 725; *Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226), although there is a distinction in definition according to geographical limitations on use (*Ball* v. *Broadway Bazaar*, 194 N. Y. 429). It is observed in the last cited case that a " trade name relates to a business and its good will rather than a vendible commodity," and that the trade-mark represents the good will in the market, while the " trade name proclaims it to those who pass the shop. " (p. 435). The infringement of trade-marks and the illegal use of trade names is a branch of the broader law of unfair competition (*Hanover Star Milling Co.* v. *Metcalf, supra*). The ultimate offense in cases involving unfair competition is the palming off by one trader of his goods as those of another (*Merriam Co.* v. *Saalfield*, 198 Fed. Rep. 369; affd., 241 U. S. 22). But the equity power of the court should not be exercised to interfere with freedom of conduct of trade and general business competition but only to restrain fraud and imposture (*Monro* v. *Tousey*, 129 N. Y. 38, 43).

Concerning trade-mark registration and use, the following facts appear. On June 2, 1925, a certificate of

registration was issued to Klein by the United States Patent Office of the trade-mark known as " duck in the rain," in class 39 (U. S. Code, tit. 15, § 131), and first use of the mark was claimed in connection with his business on October 15, 1923. This trade-mark as registered consisted of the picture of a duck with straight lines drawn at an oblique angle above to indicate rain or water falling upon its back, and Klein indicated that it was to be used in connection with and attached to men's and boys' overcoats, suits and trousers and ladies' coats and suits in said class. Klein also secured registration in the Patent Office of the mark " Never Wet " on January 3, 1928, in the same class, claiming first use May 15, 1926, and asserted that the mark was to be applied or affixed to the goods or to packages containing the same by placing thereon a printed label on which the trade-mark was shown. Some five years later Lefkowitz attempted to secure registration of the mark " Neva-Wet " in class 39, but, after a contest in the United States Patent Office, to which reference will later be made, he was denied registration on the ground that it was in conflict with Klein's trade-mark registered five years previously and additionally was purely descriptive. Klein's mark was then held to cover clothing generally. Neither Lefkowitz nor plaintiff has been able to secure registration of that mark in class 39 at any time in view of Klein's previous registration of " Never Wet," despite continuous effort so to do. On August 6, 1935, however, plaintiff procured registration of a trade-mark " Neva-Wet " for processing fluids to be used for the purpose of treating various materials under class 6, relating to medicines, chemicals and pharmaceutical preparations, and on October 1, 1935, registered a label for garments bearing a facsimile of a " duck in the rain," with a legend thereon " sheds water like a duck's back." On March 17, 1936, plaintiff secured registration of a trade-mark " Neva-Wet " for processing fluids for treating furs and the like

in class 6. The " duck " mark was identical with Klein's except for the legend. It is important to note that S. & I. Lefkowitz secured registration of the trade-mark " Neva-Wet " on June 12, 1934, in class 42 (textiles) and plaintiff secured registration of the same name in class 37 (paper) February 19, 1935; that S. & I. Lefkowitz also registered " Neva-Wet " on August 15, 1933, for linen suits after rejection for piece goods, and plaintiff procured registration of " Water-Shed " in class 39 on May 7, 1935, of " Weather-Guard " in class 39 on May 14, 1935, of " Repels-Wet " in class 39 on May 14, 1935, of " Everdry " in class 6 on December 31, 1935, and of " All-Wether " in class 6 on February 11, 1936. An important point to note is that three registrations were granted to plaintiff in class 39 other than " Neva-Wet," and that each application, whether filed by the Lefkowitz Company or by the plaintiff (with the exception of those registered August 15, 1933, and October 1, 1935) was based upon the allegation that the trade-mark was first used in interstate commerce on April 10, 1933, which the evidence did not sustain. Plaintiff disclaimed at the trial the acquisition of any right to use any of the trade-marks through the S. & I. Lefkowitz Company.

The registration by Klein of his marks was under the act of Congress of 1905 (Ch. 592, Feb. 20, 1905, 33 U. S. Stat. 724–731; U. S. Code, tit. 15, §§ 81–109). By virtue of the express terms of the act, registration constituted *prima facie* evidence of title (U. S. Code, tit. 15, § 96). On the other hand, plaintiff's marks were all registered under the act of 1920 (Ch. 104, March 19, 1920, 41 U. S. Stat. 533–535; U. S. Code, tit. 15, §§ 121–128), and under that act registration was without effect as a source of title or even as *prima facie* evidence thereof (*Broadway Rouss, Inc.*, v. *Winchester Co.*, 300 Fed. Rep. 706, 719; cert. den., 266 U. S. 607). Lefkowitz attempted to register the mark " Neva-Wet " under the act of 1905, but the application was rejected after

notice that the mark was in conflict with Klein's mark " Never Wet." After S. & I. Lefkowitz, Inc., was refused registration under the 1905 act it canceled the application under that act on June 23, 1933, switched to an attempted registration under the 1920 act, and thereby admitted that it could make no claim to ownership of the mark in class 39. In attempting to meet the objection of the Patent Office, an amendment to the application was made by Lefkowitz, in which he said: " The mark in No. 237,302 consists of the word ' Never ' and the word ' Wet ' printed in bold face type with the first letter of each word capitalized. It cannot be seen that the public would confuse applicant's mark ' Neva-Wet ' in its distinctive form with the mark shown in registration No. 237,302."

Without use in connection with a business, trade-marks, of course, are not subject to exclusive appropriation merely because of priority of registration. The trial court found that plaintiff has caused its water-repellent chemicals to be applied to substantially all kinds of merchandise described in classes 6, 37, 39 and 42, embracing chemicals, paper and stationery, clothing, and knitted, netted and textile fabrics, aggregating some thirty-five different types of merchandise. These chemicals are sold in bottles and upon the bottle is featured " Neva-Wet " as well as the representation of a " duck in the rain " at wholesale and retail since February, 1936, and merchandise has been treated by plaintiff and others by the method plaintiff has adopted. Labels impressed with the marks have been used and attached to the merchandise so treated. Considering the findings as a whole, and in the light of the sustaining evidence, we think the court meant to find and did find that the marks registered by Klein became attached to his business and good will prior to the time of their registration, and that from the time of first use until 1930 he lawfully used such trade-marks in a business lawfully conducted by him with full right to do so. Thus priority of *bona fide*

adoption and use and validity of ownership have been found, upon sufficient evidence, in favor of Klein. It is the general rule, as between conflicting claimants to the right to use the same trade-mark or colorable imitations of one another, priority of appropriation determines the question (*Oneida Community, Ltd.*, v. *Oneida Game Trap Co.*, 168 App. Div. 769; *United Drug Co.* v. *Rectanus Co.*, 248 U. S. 90). Klein acquired good title not only by the terms of the 1905 registration act, but by selection and adoption of marks open to use by him, which according to the evidence on which the findings were necessarily based, were appended and attached physically to vendible commodities actually sold. Such early use has been clearly found to have been continuous and to have extended from earlier than 1923 to 1930.

Thus the foundation for plaintiff's claim to exclusive right to use the marks which, it says, were subject to its exclusive appropriation, cannot and does not rest on priority of title, appropriation or use, upon consent or upon assignment. It rests upon the findings (1) that, although Klein had acquired *prima facie* an exclusive right to the use of the " Never Wet," " duck " and " Always Dry " trade-marks and used them many years before the claimed first use of any of the marks claimed to be owned by the plaintiff, he had lost this exclusive right to them through non-use, (2) that Klein intentionally abandoned the marks in 1929 or subsequently, (3) that plaintiff appropriated and used them in good faith without consciousness of infringement, and (4) that it successfully exploited them in its business. It has developed a substantial business in which it used the marks.

There was no evidence that Klein intentionally abandoned his marks. We think the evidence conclusively establishes the contrary. *To constitute abandonment there must be satisfactory evidence of definite acts on the part of Klein which indicate an actual intention permanently*

*to give up the use of the trade-mark* (*Saxlehner* v. *Eisner & Mendelson Co.*, 179 U. S. 19; *Burt* v. *Tucker*, 178 Mass. 493; *Rockowitz C. & B. Corp.* v. *Madame X Co.*, 248 N. Y. 272; *Jergens Co.* v. *Woodbury, Inc.*, 273 Fed. Rep. 952; affd., 279 Fed. Rep. 1016; cert. den., 260 U. S. 728). Successful opposition of Klein to the efforts of Lefkowitz to secure registration of " Neva-Wet " in the Patent Office, which efforts commenced on April 10, 1933, and extended to December 21, 1934, and Klein's then assertion of his right to use and to the ownership of the mark " Never Wet," as shown by the documentary evidence in this case, conclusively establish the fact that there had not been and was not an intentional abandonment by him of the mark " Never Wet." Such lack of intent to abandon either mark is likewise conclusively shown by uncontradicted and unimpeached evidence of a number of witnesses, some of whom were clearly disinterested, to the effect that Klein had used the marks in connection with processing men's and women's clothing more or less continuously from 1923 to 1936, that the processing had been done for him, and that both marks had been attached to thousands of suits. There was no substantial evidence to the contrary. It was sought to raise a question of fact by testimony to the effect that Klein's business of processing was small, that he did no manufacturing, that the business was interrupted, and that he was, from time to time, engaged in other businesses or none at all. Failure to manufacture the merchandise to which the marks were attached could not prevent Klein from acquiring such trade-marks or property rights in the names or labels (*Volger* v. *Force*, 63 App. Div. 122) or establish later abandonment thereof. No inference of abandonment may be raised from the mere fact that his business was small (*Ansehl* v. *Williams*, 267 Fed. Rep. 9; *O'Rourke* v. *Central City Soap Co.*, 26 Fed. Rep. 576; *Page & Co.* v. *Fox Film Corp.*, 83 Fed. Rep. [2d] 196, 200). There were concededly periods between 1929 and 1936 when Klein was devoting

some portion of his time to other businesses, yet he testified that he continued to sell suits which he had had processed for him by others even during such periods to which labels bearing his mark had been attached. However that may be, "the right to use does not depend upon any particular period of usage" (*Wallace & Co.* v. *Repetti, Inc.*, 266 Fed. Rep. 307; cert. den., 254 U. S. 639; *Baglin* v. *Cusenier Co.*, 221 U. S. 580) or upon the fact that there may have been intermittent periods of non-user or slight use if the business employing the trade-marks was more or less continuous (*Beech-Nut Packing Co.* v. *Lorillard Co.*, 273 U. S. 629; *Katz Underwear Co.* v. *Corticelli Silk Co.*, 29 Fed. Rep. [2d] 874). Abandonment being in the nature of a forfeiture must be strictly proved (*Julian* v. *Hoosier Drill Co.*, 78 Ind. 408; *Mathy* v. *Republic Metalware Co.*, 35 App. Cas. [D. C.] 151). There was no evidence or finding of acquiescence by Klein in infringement by plaintiff with knowledge thereof or of laches. As soon as Klein learned of the infringement he went to Lefkowitz and demanded that he desist and asserted his continued ownership in and right to the use of the marks.

It appears, then, that Klein had valid trade-marks to the use of which he was entitled at the time of the attempted registration by the Lefkowitz Company and later the registration by plaintiff of the mark "Neva-Wet" and of the label containing a "duck" mark, and that such appropriation and subsequent use by the plaintiff were an infringement. "Neva-Wet" is clearly a colorable imitation of "Never Wet." Whether or not the marks "Neva-Wet" and "duck" were subject to exclusive appropriation as common-law trade-marks, Klein had the right to register and established the marks in connection with the use in his business. A colorable imitation is as much an infringement as is the use of the mark in its precise form (*Davids Co.* v. *Davids Mfg. Co.*, 233 U. S. 461).

The finding that plaintiff had adopted and used its marks in good faith without consciousness that it was infringing is contrary to all of the evidence in the case applicable to the question, oral and documentary, except the testimony to that effect by Lefkowitz which is insufficient as matter of law.

From the testimony of Lefkowitz and the documentary evidence it appears that Lefkowitz embarked, in 1933, as president of and in behalf of S. & I. Lefkowitz Company, to acquire the name or mark " Neva-Wet " in the identical class in which Klein had the registered mark " Never Wet." If he had no notice of Klein's mark when the application was filed, notice thereof was given him in writing by the Patent Office on July 28, 1933. In the meantime he had organized the plaintiff corporation. Subsequent to the date of its organization the application was rejected four times, including the rejection on November 16, 1934. During that period, to meet and overcome, if possible, rejection on the ground of Klein's prior mark, it was asserted in writing that Klein had abandoned his mark and again that Klein was dead. To meet the objection of the previous registration of " Neva-Wet " by S. Leibovitz & Sons, Inc., it was represented that that concern had abandoned the mark and was out of existence. All of those representations were knowingly false. The Leibovitz concern was prominently engaged in business at the time near the place of business of Lefkowitz. On November 30, 1934, two weeks after his failure to secure the registration of " Neva-Wet " in class 39, in behalf of plaintiff he caused to be filed three applications to register " Water-Shed " and " Weather-Guard " in class 39 and " Neva-Wet " in class 37 (paper), and on December 5, 1934, applied for registration of " Repels-Wet " in class 39 and later made five applications for registration of " Neva-Wet " and other names in class 6. " Neva-Wet " was fraudulently appropriated with full knowledge that it was in conflict with and

an infringement of Klein's mark and for the definite purpose of securing whatever advantage might be derived from whatever good will Klein had therein or whatever advantage he might have derived from its use. If the name " Neva-Wet " was not appropriated for a fraudulent purpose why was it not satisfactory for plaintiff to use one of its other marks? The clear design was to breed confusion and mislead the public (*Lehrenkrauss* v. *Universal Tours, Inc.*, 262 N. Y. 332, 338). Likewise, the use by it of the label with the duck is clearly a simulation of Klein's mark. The fact that the legend on the label " sheds water like a duck's back " was added would not change the result, because the purpose of the mark was to show that the process and the chemicals used as a repellant by Klein would shed water like a duck's back. Plaintiff represented that the name " Neva-Wet " was registered in the Patent Office under the number 61,774 for use on ladies' dresses and in the manufacture of ladies' and misses' dresses and in connection with ginghams, piques, organdies, seersuckers and corduroys, whereas the trial court found that the label bearing number 61,774 was restricted in its use to linen suits and rejected for piece goods. Plaintiff fraudulently represented to the public that it had the sanction of the Patent Office for the use of the " duck " label generally in connection with a processing fluid which it put out in bottles under U. S. Reg. No. 326,893, which covered a trademark for the product " Neva-Wet " in class 6 (chemicals), whereas respondent was granted the right to use the " duck " label for garments only under registration number 46,419. Similar false advertising has been declared a bar to equitable relief (*Holland* v. *C. & A. Import Corp.*, 8 Fed. Supp. 260; *Prince Mfg. Co.* v. *Prince's Metallic Paint Co.*, 135 N. Y. 24, 38; *Worden* v. *California Fig Syrup Co.*, 187 U. S. 516, 528).

While the foregoing and other misconduct, going directly to the issues involved, was clearly recognized

by the trial court in its opinion, it brushed it aside by
asserting that it was immaterial in view of the scope of
plaintiff's activity and the widespread effect of a large
advertising campaign which had apparently succeeded
in attaching significance to the name and process of the
plaintiff. The court evidently overlooked the fact that
most of the money referred to as being spent in adver-
tising was used after Lefkowitz had had definite notice
from the Patent Office of Klein's marks and in spite of
the fact that he knew that those marks had not been
abandoned by Klein (Cf. *Tiffany & Co.* v. *Tiffany
Productions, Inc.*, 262 N. Y. 482; *Wallace & Co.* v.
*Repetti, Inc., supra; Page & Co.* v. *Fox Film Corp.,
supra*). No amount of advertising can excuse fraud and
unconscionable conduct in the appropriation of other
people's property. Regardless of any other question in
the case, the plaintiff is not in court with clean hands,
and is not entitled to equitable relief (*Koehler* v. *Sanders*,
122 N. Y. 65, 75). The fraudulent conduct of plaintiff
goes directly to the issues involved.

The trial court found that by reason of the use of
the trade-marks by plaintiff they had acquired a second-
ary meaning, but, even so, it was barred from asserting
it here, inasmuch as it has unlawfully appropriated by
simulation and fraud the marks of the defendants which
were not abandoned. Resulting similarly is the fact
that any secondary meaning found attached after notice
of Klein's rights.

We think that the term " Neva-Wet " represents
merely an idea and is merely descriptive of the articles
to which the term is attached and indicates char-
acteristic qualities and the nature of the article
(See Derenberg on Trade-Mark Protection and Unfair
Trading, pp. 257–263.) If so, it is not subject to exclu-
sive appropriation (*Caswell* v. *Davis*, 58 N. Y. 223;
*Koehler* v. *Sanders, supra; Fischer* v. *Blank*, 138 N. Y.
244, 249). The words " Neva-Wet " and " Never Wet,"
if used separate from and unconnected with the cor-

porate names, are practically interchangeable phonetically, in appearance and meaning. They are words of common speech, purely descriptive and not subject to exclusive appropriation by plaintiff as a trade name in the absence of proof and finding that the business is confined to narrow limits geographically (*Ball* v. *Broadway Bazaar*, *supra*). Plaintiff asserts and it has been found that its business is internationally advertised and not local but international in scope.

Plaintiff uses the word " Neva-Wet " in its corporate name, on its labels and advertising matter and in connection with its business generally, and defendant the words " Never Wet." Their mere use in the corporate names lays no basis for unfair competition. Their use in the corporate titles in conjunction with the other words used is not calculated to deceive any one. On their face they indicate that they are names of separate and distinct corporations.

There is no basis in fact for the conclusion that defendant may be restrained from the use of the words " Never Wet " in its corporate name.

The judgments should be reversed in so far as they award relief to the plaintiff and the complaint dismissed, with costs to the appellants in all courts. The judgments should otherwise be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.