[redacted]

## SELTZER v. COREM.

**No. 6920.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1939.

[redacted]

[redacted]

[redacted]

George P. Michaely, of Gary, Ind., for appellant.

Richard S. Kaplan, of Gary, Ind., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

Appellee instituted this action to recover equitable relief and damages for the infringement of his copyrights and trademark, and also for unfair competition. The bill alleged that appellee was the author of two copyrighted books, or dramatic compositions, which describe a mythical roller skating race across the continent. Appellant's answer was in the form of a stipulation between the parties in which he admitted the truth of all the allegations of the complaint but denied the validity of the copyrights. The District Court made special findings of facts and stated its conclusions of law thereon favorable in all respects to appellee, and rendered judgment accordingly.

This is an exceedingly friendly suit. Indeed it is so much so that our suspicion is somewhat aroused. The answer in this case consists of a stipulation by the parties, filed on the same day the complaint was filed, in which appellant admits the truth of all the material averments of the bill, which includes the charge of infringement. He admits therein that he has done and will continue to do the things complained of in the bill unless an injunction is granted, and he will carry out his plan to operate, present and conduct a roller derby, and yet he stipulates that if he is enjoined from doing so he will not be damaged in any way, that he will not institute any action for damages, and he suggests that the bond should not exceed $200. Within five days after the filing of the bill of complaint and stipulation, an order was entered granting a preliminary injunction as prayed for in the bill, and it bears the approval of appellant's attorney.

Subsequently the case was submitted for trial, and within two days thereafter the court filed its findings of fact and conclusions of law in all respects in conformity with the demand of the bill. Appellant saved its exceptions to the court's ruling and served notice of appeal to this court. On the same day appellant filed its praecipe for the portions of the record which it desired to be included in the transcript. This did not include the judgment, which later proved to have been rendered on the same day the findings and conclusions were filed. When the case was docketed in this court on April 3, 1939, the docket fee was paid to the clerk by the attorney for appellee. It was paid in cash with money which appellee's attorney said had been furnished him by appellant. We do not question the truth of this statement.

After argument in this court we discovered there was no judgment in the record. Through our clerk we notified both attorneys of the diminution of the record and suggested to them that if judgment had not yet been rendered it would be necessary to dismiss the appeal, otherwise the diminution could be corrected by certiorari. The diminution was corrected through a writ of certiorari, all of which was attended to by appellee's attorney. We did not hear from appellant's attorney and he did not appear. These facts of themselves are perhaps not sufficient to warrant notice on our part, but we are interested, of course, in knowing whether there is a good faith controversy between these parties, and whether appellant has really committed the acts which he has admitted in his stipulation. Appellee in his complaint alleges that he has been put to a great amount of expense in doing the very same things which appellant admits he had done, such as advertisements and other printing, and the initial expense of presenting the first exhibition. On December 6, 1938, appellant advertised in the local newspaper at Gary, Indiana, and issued printed passes for the press that he would give his first exhibition on January 15, 1939, and continue such performances up to and including January 20, 1939, although neither the advertisements nor the passes designated the place in Gary where the exhibitions would be given. The bill avers, and appellant admits, that this preliminary work requires a considerable amount of time and labor, and that a very large number of performers and helpers are necessary to stage the performance, and yet within so short a time before the first performance, which he admitted would be a duplicate of appellee's exhibition, he said he would not be damaged in any way if he were enjoined.

This means that as late as December 6, appellant had expended no money, assumed no obligations, and had devoted no time to carrying out the project, but his stipulation on December 14 admits that he has done all the things of which he is accused. It is fair to assume that these things were not done without the expenditure of time and money, and the question immediately presents itself to us as to who paid the expenses. In other words, if this law suit is being instigated and financed by appellee, or if in fact there is no good faith controversy before us, these parties have no business in this court or any other court, and such conduct ought not to be passed without mention.

Another circumstance presents itself to us which more vividly impresses the foregoing circumstances upon our minds. The precise questions presented here were presented in the Southern District of California, before District Judge Jenney, and on March 8, 1938, he rendered a well-considered opinion in the case of Seltzer v. Sunbrock, D.C., 22 F.Supp. 621. The appellee in the case at bar was the plaintiff in that case, and was represented by the same attorney. Every question presented here was presented there and decided adversely to the appellee in this case. A significant fact is that neither appellant not appellee in this case called our attention to that case, and we assume that the District Court's attention was not called to it. There was no appeal by Seltzer from the California decision.

In the California case a very lengthy description of the facts and conclusions is given, and it is unnecessary for us to extend this opinion by a recital of similar facts. It is sufficient to say that we approve that court's conclusions in every respect. We adopt its rulings and hold that the copyrights here involved were invalid and not infringed.

The only difference between the California case and the instant one relates to the evidence as to unfair competition. The master there attended the accused production and found that it was not an infringement of the original and did not amount to unfair competition. We gather from the opinion that his finding in this respect was due somewhat to the fact that the accused production was not well done, and also that such similarity as existed between the performances was due to their common source, hence neither culpable nor misleading. Here, however, the appellant, while he has as yet not given a production, stipulates that he is threatening to give a production which is precisely the same as appellee's. Under the facts here present we think this adds no force to appellee's contention that there was unfair competition. We are of the opinion that appellee has not been damaged nor will he be damaged by the acts which appellant now threatens.

The decree is reversed and the cause is remanded with instructions to dissolve the restraining order and to dismiss the complaint for want of equity.