## AMERICAN BROADCASTING CO. v. WAHL COMPANY et al.

District Court, S. D. New York.

Sept. 25, 1940.

Buckley & Buckley and Russell C. Gay, all of New York City (Russell C. Gay, of New York City, and H. Russell Bishop, of Washington, D. C., of counsel), for plaintiff.

Coudert Brothers, of New York City (Walter R. Barry, of New York City, of counsel), for defendants.

MANDELBAUM, District Judge.

This motion seeks a dismissal of the amended complaint. Judge Clancy in dismissing the original complaint stated, in part, that the plaintiff is "to state separately whatever causes of action he intends to set up, clearly and briefly stating in each cause of action the facts which he believes compose it and nothing more".

In its present amended complaint, the plaintiff sets forth three causes of action which it has designated as (1) infringement of copyright, (2) infringement of trademark, and (3) unfair competition.

The court will consider each cause of action separately.

168

### Infringement of Copyright.

■ In essence, the plaintiff alleges the ownership of a copyright of an original radio quiz program entitled "Double or Nothing"; that it broadcasted such program on a certain date; that the defendant infringed on this copyright by broadcasting a radio quiz program "Take It or Leave It".

I hold such allegations to be insufficient to set forth a cause of action for copyright infringement. Mere conclusions are pleaded. It is not alleged in what respects the defendant's program infringed on the plaintiff's. Neither did the plaintiff avail itself of form 17 appended to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by annexing to the complaint its copyrighted radio program or script and the defendants' alleged infringing program or script.

It is urged by the defendants that the plaintiff's program is not susceptible of a valid copyright in that it has been held that an idea, plan or scheme for a game, test or system of any kind is not subject to copyright. There is ample authority for this. Affiliated Enterprises v. Gruber, 1 Cir., 86 F.2d 958; Rodriguez v. Western Union Telegraph Co., 259 App.Div. 224, 18 N.Y.S.2d 759; Seltzer v. Corem, 7 Cir., 107 F.2d 75.

I believe, however, that the court will be in a better position to determine this question after the amendment of the complaint.

The first cause of action is accordingly dismissed with leave to amend within 10 days after the entry of an order herein.

### Infringement of Trade-Mark.

■ It is claimed that the plaintiff obtained a license of a trade-mark "Double or Nothing" from its owner; that plaintiff did broadcast a radio program under that title; that defendants broadcasted a program substantially similar entitled "Take It or Leave It". Defendants contend that there can be no license of a trade-mark or even an assignment thereof except in connection with the transfer of the business with which it has already been used. The point is well taken. Macmahan Pharmacal Co. v. Denver Chemical Mfg. Co., 8 Cir., 113 F. 468; Nims on Unfair Competition and Trade Mark, 3rd Ed., p. 56; La Fayette Brewery, Inc. v. Rock Island Brewing Co., Cust. & Pat.App., 87 F.2d 489. No cause of action is stated and it is accordingly dismissed.

### Unfair Competition.

■ Plaintiff alleges that it appointed an agent for the sale of "the right or license to produce for radio broadcasting the program idea entitled "Double or Nothing"; that because of defendants' "Take It or Leave It" program the proposed sponsor of plaintiff's idea was unwilling to test the "Double or Nothing" program, and that by reason of defendants' acts the plaintiff was damaged.

I really don't know what this cause of action purports to be. But I am quite certain that it is insufficient as a cause of action for unfair competition. The essence of unfair competition consists in the palming off of the goods or business of one person as that of another. Neva-Wet Corp. of America v. Never Wet Processing Corp., 277 N.Y. 163, 13 N.E.2d 755; Ely Norris Safe Co. v. Mosler Safe Co., 2 Cir., 62 F.2d 524. It is evident that this cause of action is barren of any allegation that the plaintiff's idea or title has become associated in the public mind with the plaintiff.

This cause of action is dismissed.

Settle order in accordance with the foregoing opinion.