Matthew M. Levy, J.
The plaintiff sues to obtain a judgment declaring that adoption and use by the defendant of the words “ Tru-Valu ” in its corporate name and in connection with its business constitute unfair competition and an infringement of the plaintiff’s name and trade-mark. The plaintiff moves before me for an injunction pendente lite and the defendant cross-moves to dismiss the complaint for insufficiency upon its face.
I shall consider the cross motion first. The plaintiff alleges that it has enjoyed a long and continuous use of the registered trade-mark “ Tru Val that said trade-mark “ has acquired an excellent and valuable reputation and good will”; that “ Tru Val ” has acquired a secondary meaning; that the plaintiff and the defendant are competitors; that the defendant adopted the name “ Tru-Valu ” “ for the purpose of causing confusion in the trade and in the minds of the public and of inducing the trade and public to purchase items manufactured by others than plaintiff and sold by defendant in the mistaken belief that defendant is connected with or authorized by plaintiff and of unfairly deriving the benefits and advantage of plaintiff’s trademark, excellent reputation and advertising”; that this use by the defendant “ has caused and will cause great and irreparable injury to plaintiff.”
Such allegations, if proved, would, in my view, entitle the plaintiff to relief. The Neva-Wet Corp. v. Never Wet Processing Corp. case (277 N. Y. 163), cited by the defendant, is not in point. There, a water-proofing process was involved, and “ Neva-Wet ” was held to be descriptive of the articles to which the term was attached (p. 178). The same cannot -be said of “ Tru Val ”. These words are fanciful. They are not descriptive of a characteristic quality of any particular product. Hinting, as they do, at the idea of “ true value,” they may be suggestive of any article of any description or kind.
While the complaint states a cause of action, it does not follow that the plaintiff is entitled to the temporary restraint requested. The papers disclose that the defendant operates the “ Tru-Valu Corner.” Conceding that the plaintiff’s trade-mark “ Tru Val” (by virtue of registration or of secondary meaning or *846 both) is entitled to protection and assuming that plaintiff-manufacturer and defendant-retailer are “ competitors ” — since in some respects they both market the same goods — the plaintiff has not shown clearly and compellingly that it is entitled to injunctive relief pendente lite. Infringement, per se, of the registered trade-mark is not proved as a matter of law or fact. There is no proof, on the present submission, that the defendant has acted otherwise than in good faith; there is shown no intention to deceive, or the fact of deception of the public. While “ Tru Yal ” and “ Tru-Valu ” are obviously both derived from a bastardized spelling of “ true value,” the lettering, signs and displays are not so similar that I may now determine that there exists even the likelihood of confusion (cf. Matter of Rayco Mfg. Co. v. Layco Auto Seat Cover Center, 205 Misc. 827).
The interim relief prayed for is all that the plaintiff would be entitled to obtain, injunctively, were it to succeed upon the trial, and it has not been shown that the plaintiff will be irreparably harmed should it await such relief as may be granted after trial. In the circumstances, the plaintiff’s motion , for an injunction pendente lite is denied, and the defendant’s motion to dismiss the complaint is likewise denied. If the plaintiff is so advised, it may have a prompt trial. Settle orders.