Irving H. Saypol, J.
Schwartz, alleging that he does business as Glad Record Company, sues to restrain Lionel and Gladys Hampton, individually, and as copartners. He complains that these defendants infringe upon his rights to the exclusive use of the trade name for his Glad Record Company and its product, Glad Records.
There is insufficient evidence to establish the plaintiff’s case and the defendants may have judgment of dismissal, with costs.
There is no evidence at all of any violation of the plaintiff’s rights by the codefendant Lionel Hampton. In fact, there is neither allegation nor evidence of any defendants’ partnership, as it is stated in the caption of the complaint.
*838 Schwartz is a real estate and insurance broker and an investment syndicator. Lionel Hampton is an orchestra leader and Gladys, his wife, publishes and distributes music and records. In mid-1958, Peters and Mooney, writers of songs, entered the record business as Glad Record Company. Doing business under that name, they filed the required certificate under section 440 of the Penal Law, in Bronx County, therein showing 181 West Tremont Avenue, Peters’ residence in that county, as the place of the company’s business. In the interval until January 29, 1960, when they unloaded lock, stock and barrel to the plaintiff for $750, they had sold $80 worth of records. Little, if any, of that business was done in 1959. Altogether they turned out four of their songs on two records, evidently not a howlingly successful record business. On February 17, 1960 the plaintiff filed a certificate of doing business as Glad Record Company in New York County. Before the latter incident, Gladys Hampton, finding that she could not use her first name for a record company, had chosen Glad for her phonograph record production company and a month and one half before the plaintiff’s filing, she had filed a certificate of doing business as Glad Record Company, on January 5,1960. Increasing record production activities on the part of both sides, together with related activities such as execution of trade and union agreements, cash expenditures, etc., are shown after January, 1960. But up to the trial, for a year at least after entering the Glad record business, the plaintiff failed to display the name on the door of his business entrance. Neither was his record company listed in any New York City telephone directory.
True, the plaintiff, through his predecessor in interest, used the Glad name first. On the other hand, the defendant Gladys Hampton registered the name in New York County a month and one half ahead of the plaintiff. But first user of a trade name composed of common words acquires no special preference thereby. (Ball v. United Artists Corp., 13 A D 2d 133, 137, citing Avon Periodicals v. Ziff-Davis Pub. Co., 27 Misc 2d 160, 162, mod. 282 App. Div. 200.) While the insignificant $80 business of the plaintiff’s predecessors is of not much importance here, one way or the other, nor is their seemingly total inactivity in 1959 controlling, still it operates against the probability that plaintiff’s use of the word “ Glad ” has any significance for his business or its product. Words of common speech, like glad, are in the public domain, available to all. Only when by reason of use and association with particular goods or a particular trade or business may they acquire a special or secondary meaning to have protection. (Neva-Wet Corp. v. Never Wet Proc *839 essing Corp., 277 N. Y. 163; Ball v. United Artists Corp., supra, p. 137, citing Nims, Unfair Competition and Trade-Marks [4th ed.], § 37; see quotation of Learned Hand, J., op. cit., pp. 156, 157, from Bayer Co. v. United Drug Co., 272 F. 505, 509, 513, ‘ ‘ After all presumptions and other procedural advantages have been weighed, the owner must show that his mark means him, else he cannot prevent others from using it.”) Paraphrasing section 717 of the Restatement, Torts, the designation Glad for records is a trade name only if, apart from other requirement, it has acquired a special significance, as the name of the plaintiff and his goods. Until so acquired it is not protected. Acquisition of this special significance, rather than priority of use is, therefore, a necessary condition of protection against infringement of the trade name. The courts do look with suspicion upon one who, in dressing his goods for the market, approaches so near to his successful rival (emphasis supplied) that the public may fail to distinguish between them (Florence Mfg. Co. v. J. G. Dowd & Co., 178 F. 73, 75).
The plaintiff fails to establish his company as a successful rival which by application of a generic word of general use and description, for its product, has acquired a secondary meaning of association with business and product. Lacking that, it fails to show unfair competition, confusion and deception, a palming-off by the defendants of their product as that of the plaintiff. Furthermore, it would seem that in the field, deception would be well nigh impossible, the interest of the user being in the artist rather than the artisan, the performer rather than the record producer. (Cf. Ball v. United Artists Corp., supra, p. 142, citing Tiffany & Co. v. Tiffany Prods., 147 Misc. 679, affd. 237 App. Div. 801, affd. 262 N. Y. 482; Philadelphia Stor. Battery Co. v. Mindlin, 163 Misc. 52; General Shoe Corp. v. Rosen, 111 F. 2d 95.) There has been no showing of fraud and imposition to be restrained. (Neva-Wet Corp. v. Never Wet Processing Corp., 277 N. Y. 163, 169, supra.)