ALBERTO HERAS, Plaintiff, *v.* JOSE MENA et al., Individually and as Copartners Doing Business as El Toro Marisqueria, Defendants.

Supreme Court, Special Term, New York County, March 7, 1966.

*Spanakos & Spanakos* for Jose Mena, defendant. *Selig J. Levitan* for plaintiff.

BIRDIE AMSTERDAM, J. This is a motion for a temporary injunction. The relief sought, in effect, is the same which plaintiff asks in a permanent injunction after trial. Plaintiff seeks to restrain defendants from using and advertising the name

and mark of "Marisqueria" as part of their name or in connection with their restaurant and for other relief.

Movant alleges that during the recent World's Fair he ran the Marisqueria Restaurant at the Pavilion of Spain; that he invested his time, energy, imagination and money in developing the name, fame, high standards, good will and reputation of the said "Marisqueria"; that said name received wide circulation; that he registered the service mark "La Marisqueria" with the Secretary of State of New York on October 26, 1964. He further alleges that defendants opened up a restaurant in New York County featuring the name "El Toro Marisqueria".

It is plaintiff's contention that defendants' use of such name constitutes unfair competition and trade-mark infringement to plaintiff's irreparable damage, and that defendants' acts have injured his rights in the name "Marisqueria" and will injure his professional reputation.

However, plaintiff is not engaged in any restaurant business at the present time, although he states that he contemplates doing so in the very near future, and he seeks to protect himself now from defendants' infringement of the mark and the consequences flowing therefrom.

Defendant Mena avers that he purchased from an assistant of the plaintiff a great quantity of restaurant equipment used at the "Marisqueria" at the World's Fair; and that plaintiff was present at the time of purchase. He further avers that he was not aware of plaintiff's registration of the service mark, until receipt of a lawyer's letter, dated January 20, 1966, directing discontinuance of the use of the name "Marisqueria".

Defendants maintain that the word "Marisqueria" is a word from the Spanish language which connotes "seafood restaurant" and as such is used in telephone directories that are equivalent to our "Red Books" in Spanish-speaking countries as a categorical term.

A trade-mark is a mere incident of a business which cannot exist except as appurtenant to a business (*Varsity Sportswear* v. *Princess Fabrics Co.*, 174 Misc. 298). It is not a right like a copyright or patent and exists only as appurtenant to an existing business in connection with which it is used. When the business itself actually ceases for such a length of time and under such circumstances that the trade-mark actually no longer signifies that business in the mind of the public, the right to the trade-mark may be lost, despite the existence of the "intent" on the part of the user to re-engage in business and resume the use of the trade-mark at some indefinite time in the future (*Golenpaul* v. *Rosett*, 174 Misc. 114). "Without use in connection with a

business, trade-marks, of course, are not subject to exclusive appropriation merely because of priority of registration.'' (*Neva-Wet Corp. of America* v. *Never Wet Processing Corp.,* 277 N. Y. 163, 172.)

In the circumstances herein, the motion is denied.