opinion of the court
Memorandum.
The order of the Appellate Division should be reversed, with costs, judgment granted to plaintiff on the liability issue and the matter remitted to Supreme Court, Westchester County, for further proceedings on the complaint.
In plaintiff’s action for breach of contract, in which she seeks an injunction against further use of the trade name and damages, defendant did not challenge plaintiff’s authority to enter into the contract of sale, or that she was the distributee of all the corporation’s assets upon its dissolution. The sole defense offered was that any restriction under the contract on defendant’s license to use the trade name was waived by plaintiff’s filing of a certificate of dissolution of the corporation, and defendant was absolutely free to use the trade name thereafter. It is true, of course, that rights in a trade name may be lost by abandonment (see Neva-Wet Corp. v Never Wet Processing Corp., 277 NY 163). We agree, however, with the dissenter below that the record simply does not support defendant’s assertion that plaintiff abandoned whatever right existed to enforce the limitations on use of the trade name, nor can it be concluded, as defendant has argued, that the filing of a certificate of dissolution, without more, demonstrates abandonment of the trade name. In any event, whatever rights the parties may have had by virtue of the common law concerning trade names, they could elect to alter those rights and have them governed instead by an appropriate agreement, which is apparently what the parties sought to do in this case.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed, with costs, judgment granted to plaintiff on the liability issue and case remitted to Supreme Court, Westchester County, for further proceedings in accordance with the memorandum herein.