■ MEDI-TEMPS, INC., Respondent, v TACT MED TEMPS, INC., et al., Appellants.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on November 23, 1990, which, to the extent appealed from, denied defendants' motion for summary judgment, unanimously affirmed, with costs.

On this motion for summary judgment, it has not been demonstrated, conclusively, that the terms for which plaintiff seeks protection have become so indelibly linked in the public mind with the product or service offered by the parties as to be categorized as generic and thus, entitled to no protection from use by competitors *(cf., Kellogg Co. v National Biscuit Co.,* 305 US 111; *Murphy Door Bed Co. v Interior Sleeps Sys.,* 874 F2d 95). Rather, the terms "Medi-Temps" and its competing counterpart "Med Temp[s]" fall more within the category of terms which "indicate * * * characteristic qualities" and the "nature" of the services provided by the parties, and thus fall within that category of "descriptive" terms *(Neva-Wet Corp. v Never Wet Processing Corp.,* 277 NY 163, 178), entitled to protection upon a showing that the term or terms have acquired a "secondary meaning" *(Matter of Playland Holding Corp. v Playland Center,* 1 NY2d 300, 304). Having properly determined that plaintiff raised an issue of fact with respect to whether or not "Medi-Temps" had acquired a secondary meaning and with respect to whether or not the defendants' competing use of "Med Temp[s]" causes confusion in the public mind *(see, Polaroid Corp. v Polarad Elecs. Corp.,* 287 F2d 492, 495, *cert denied* 368 US 820), the IAS court properly denied defendants' motion for summary judgment. Concur— Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.