## PARK v. WARNER BROS. et al.

District Court, S. D. New York.

Aug. 23, 1934.

J. Gibson Fruin, of New York City (William J. Dawley, of New York City, of counsel), for the motion.

Thomas & Friedman, of New York City (Joseph D. Karp, of New York City, of counsel), opposed.

WOOLSEY, District Judge.

I grant a final decree dismissing the bill of complaint herein, with costs, in which a reasonable counsel fee to the defendants will be included.

Consequently the instant motion is, of course, in all respects denied.

I. This motion is based on a complaint in a cause of copyright setting forth in full the plaintiff's copyrighted song, which is part of an unpublished work, copyrighted June 9, 1931, and the defendant's allegedly infringing song, the answer thereto, and affidavits. The plaintiff asks to have the defendants' answer stricken out and an interlocutory decree for an accounting granted, or, in the alternative, for a preliminary injunction.

The defendant relies on its answer and opposing affidavits, including an affidavit by Al. Dubin, the writer of the defendant's song, denying that he had access to the plaintiff's song, stating that the defendant's song was written on January 15, 1934, on an emergency order during production of a moving picture, and explaining how the idea came to him from the play "Strictly Dishonorable," seen by him before the plaintiff's song was copyrighted.

The plaintiff claims a comparison of the songs which are set forth in the complaint establishes his case for infringement. He has thus thrown his gage and must abide the consequences.

II. An interlocutory motion for judgment such as this opens up the whole record.

If, on such a motion, a fatal weakness develops in the moving party's papers, the motion turns out to be a boomerang, and, where the weakness is intrinsic, may properly result in a final disposition of the cause against him. Welch v. Warner (D. C.) 47 F.(2d) 231, affirmed 47 F.(2d) 232 (C. C. A. 2); Sklarsky v. Great Atlantic & Pacific Tea Co. et al. (D. C.) 47 F.(2d) 662, 665; Cheatham v. Wheeling & Lake Erie Ry. Co. (D. C.) 37 F.(2d) 593, 598, 599.

III. The plaintiff's copyrighted song as set forth in the complaint is as follows:

"What are Your Intentions?
"(Polly)
"If a boy takes me by the hand
And says—you understand,
What do I do—I smile.
If then he looks deep into my eyes,
And repeats again the same old lies,
I simply smile, he knows I'm wise—
And says.

"(Chorus)
"What are your intentions,
Why all these inventions—
I know what's running through your mind,
I'll have you know I'm not that kind.
Your brand of affection,
Meets with my objection,
What's that remark about a perfect curve,
I'll say you have an awful nerve—
What are your intentions?"

The defendant's song which the plaintiff claims infringes his copyright is also set forth in the complaint. It reads thus:

"What are Your Intentions?
"Dear, listen here, can't we both be sincere
For an hour or two?
I want to say what I mean,
And I'll mean what I say to you—
This artificiality
Won't get you very far;
There's nothing like reality
Let's see things as they are:

"I will meet you in the moonlight
If you're feeling so inclined—
But what are your intentions,
And what is on your mind?
If you talk about the weather,
I'll know it's just a blind,
So what are your intentions,
And what is on your mind?

"Lay your cards on the table, dear,
Do not dodge the issue,
Take off all that polish and veneer,
If you want a guy to kiss you,
Try to be yourself this evening,
Leave the camouflage behind,
Just what are your intentions,
And what is on your mind?"

■ IV. Whether or not there has been an infringement of a copyright is a question of fact on which previous decisions are not controlling precedents.

■ When the court has an opportunity of comparing the two works in question in a cause of copyright, it has before it all the data which are necessary to decide the question of infringement. Nichols v. Universal Pictures Corporation, 45 F.(2d) 119, 123 (C. C. A. 2). Such comparison may be had on a motion as appropriately as at a trial, and much time and expense may thus be saved. Cf. Lowenfels v. Nathan (D. C.) 2 F. Supp. 73, 74, 75.

■ Herein, therefore, as both the songs with which we are concerned are set forth in full in the complaint, I may finally decide the cause on motion as I did in Lowenfels v. Nathan, wherein the two plays involved were incorporated in the complaint by stipulation entered into after the cause was begun.

■ Passing the question of access, by Dubin to the complainant's song, which would be a triable issue if the defendant's song seemed to infringe the plaintiff's song, I hold that on the face of the complaint there is not shown, by a comparison of the two works, any infringement of the plaintiff's private domain, which only was protected by his copyright. Cf. Sheldon & Barnes v. Metro-Goldwyn-Pictures Corp. et al. (D. C.) 7 F. Supp. 837.

■ Neither ideas nor phrases nor ordinary English idioms or words are protected by copyright. They are all in the public domain. Lowenfels v. Nathan (D. C.) 2 F. Supp. 73, 77, 79, 80. See, also, Lewys v. O'Neill (D. C.) 49 F.(2d) 603, 611, and Birrell, Copyright in Books, c. VI, "Literary Larceny," pp. 167–169.

The treatment of the idea involved in the two songs is different, and there is no copying of anything which was protected by the plaintiff's copyright.

It follows accordingly that the complaint does not state a cause of action for infringement of copyright, and, as the complainant's motion for interlocutory decree opened up the record and the weakness of the plaintiff's case is inescapable by an amendment, a final decree dismissing the complaint is the appropriate disposition of the cause.

V. Counsel fees may be granted under section 40 of the Copyright Act of March 4, 1909 (title 17, U. S. Code, § 40 [17 USCA § 40]) to the successful party. Cf. Lewys v. O'Neill (D. C.) 49 F.(2d) 603, 618, Lowenfels v. Nathan (D. C.) 2 F. Supp. 73–81. As

the defendants have answered jointly by one firm of attorneys, I grant only a single counsel fee and fix it at $250. After costs are taxed, a decree dismissing this cause with costs may be presented for signature on the usual notice.