THE DRESS CIRCLE, INCORPORATED, Plaintiff, *v.* FRANKLIN SIMON & Co., INC., Defendant.

Supreme Court, Special Term, New York County, May 28, 1940.

*George W. Brodsky,* for the plaintiff.

*Henry Edward Schultz,* for the defendant.

EDER, J. The plaintiff charges the defendant with unfair competition in that defendant has used, in connection with advertising its ladies' dress department the words " Dress Circle " which form part of plaintiff's corporate name. Neither of the parties to this action are engaged in manufacturing ladies' dresses; each is merely engaged in selling the product of the manufacturer.

The defendant conducts a merchandising establishment of long standing in the city of New York; it is well known to the public and enjoys its confidence. One of its departments is the ladies' dress department which is located on the fourth floor of its building at Fifth avenue at Thirty-eighth street, in the borough of Manhattan in the city of New York. This department is circular in its appearance and construction. That its patrons may readily locate it the defendant, in its advertisements, refers to it as " Dress Circle — Fourth Floor."

No claim is made by plaintiff and no proof was adduced that any attempt at deception has been practiced by the defendant upon the plaintiff or upon the public in the use of the words " Dress Circle " to thereby palm off the merchandise sold by the defendant as that of the plaintiff. Likelihood of confusion is the basis of this action, though plaintiff has not shown a single instance thereof. Defendant features very prominently throughout all its advertising its name, " Franklin Simon;" the location of the ladies' dress department appears in very small type: " Dress Circle — Fourth Floor."

The law with respect to unfair competition is well established. It consists, basically, in the palming off of the goods of one trader for those of another; that is the ultimate offense in this class of cases; nothing less will constitute unfair competition. In *Neva-Wet Corp.* v. *Never Wet Processing Corp.* (277 N. Y. 163, 169) the court laid down the rule that the equity power of the court should not be exercised to interfere with freedom of conduct of trade and general business competition " but only to restrain fraud and imposture." (See, also, Nims on Unfair Competition [3d ed.], p. 31.) It is the deceit of the public and the misleading of the unwary that is the indispensable prerequisite of an action for unfair competition. (*Sherwood* v. *Twentieth Century-Fox Film Corp.*, 173 Misc. 871.)

The grounds on which unfair competition will be enjoined are these: (1) That the means used are dishonest; (2) that by false representation or imitation of a name or device there is a tendency to create confusion and thus work a fraud upon the public by inducing it to accept a spurious article. If these grounds are absent, and no trade-mark rights exist, an injunction does not lie. As said in *Wornova Mfg. Co.* v. *McCawley & Co., Inc.* (11 F. [2d] 465, 467): " The essence of wrong or unfair competition is that a defendant is palming off its goods as the merchandise of another. If a defendant so conducts his business as not to palm off his goods as those of the complainant, he cannot be enjoined."

How confusion is likely to be caused in the trade or to the public by any such practice as here disclosed I cannot understand, nor is there the slightest evidence of such confusion. I see no element of unfair competition in defendant's use of the words " Dress Circle — Fourth Floor " to designate merely the location of the department where the merchandise will be found. There is in this no attempt to identify such merchandise as that of the plaintiff or to associate it with the plaintiff in any form or manner whatever, or as indicative of any source or origin. That, indeed, is the plaintiff's great difficulty in its claim of unfair competition. No one is deceived, nobody is confused. These are determinative essentials. (*Dixie Vortex Co.* v. *Lily-Tulip Cup Corp.*, 18 F. Supp. 511.

See, also, *Germanow* v. *Standard Unbreakable Watch Crystals, Inc.,* 283 N. Y. 1.) Plaintiff has failed to meet the established test; indeed, there is a total failure of proof.

Judgment is, therefore, rendered for the defendant dismissing the complaint upon the merits. No costs. Submit findings in accordance herewith.