POCKET BOOKS, INC., Appellant, *v.* JOSEPH MEYERS et al., Copartners under the Firm Name of AVON POCKET-SIZE BOOKS, et al., Respondents.*

First Department, October 30, 1942.

*Harold R. Medina, Douglas M. Black, Edward K. Hanlon* and *John W. Jordan* for appellant.

*Louis P. Eisner* for respondents.

PER CURIAM. We find that the evidence sufficiently discloses that the defendants were guilty of unfair competition in intentionally appropriating the style and format of plaintiff's books, for the purpose of capitalizing on plaintiff's initiative and good will. While, of course, titles, subject-matter and names of authors enter largely into the selection of books, the evidence establishes and we find as a fact that style and format are also important features in respect to the sale of a library of reprints, such as plaintiff was producing. It is true that plaintiff can claim no copyright or monopoly with respect to the use of the word "pocket" when used descriptively, nor to the size, coloring, lamination of cover, "bleed" border, or other elements which as a whole constituted the format of the books. Therefore, imitation in manufacture of any one of these ele-

---

* Revg. 178 Misc. Rep. 59.

ments, standing alone, would not afford adequate grounds for injunctive relief. But when all, or a number of these elements are so combined by the imitator that the casual intending purchaser is likely to be deceived and led to believe the goods are those of the plaintiff, to plaintiff's damage, it is within the province of equity to interfere. (*Fischer* v. *Blank*, 138 N. Y. 244; Nims on Unfair Competition and Trade-Marks [3d ed.], § 120.)

The judgment should be reversed with costs and judgment directed for plaintiff with costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur; UNTERMYER, J., dissents and votes to affirm.

Judgment reversed, etc.

Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.