**STEPHENS PRODUCTS CO., Inc. v. FILLUM FUN, Inc.**

**Civ. 9221.**

United States District Court, E. D. New York.

June 22, 1951.

---

Munn, Liddy & Glaccum, John H. Glaccum, New York City, for plaintiff.

Irving Seidman, New York City, for defendant.

RAYFIEL, District Judge.

This action concerns plaintiff's Patent No. 2,146,237, claim 7 of which the defendant is charged with infringing. The patent covers a toy picture-projecting device.

The defendant denies

1. that the claim was duly and legally issued, and

2. that the claim is infringed, and contends

3. that the plaintiff is estopped from asserting the claim because it broadened its scope,

4. that the claim is invalid because of the prior art, and

5. that the claim is void for double patenting.

Defendant has also filed a counterclaim wherein it sets up the aforementioned defenses and demands damages and an accounting of the profits arising from the plaintiff's acts in interfering with defendant's business.

The claim in suit reads as follows:

"7. A picture projecting device comprising a holder adapted to be held in the hand of the user, said holder having a pro- jection aperture, a film bearing a succession of pictures, means carried by the holder for supporting said film with a portion thereof positioned for projection through said aperture, a manual operating member movably mounted on said holder, film advancing means operatively connected with said member to shift said film to position successive pictures for projection through said aperture, an electric light bulb supported by the holder in position for illuminating that portion of the film positioned at the aperture, a circuit adapted to connect said light bulb with a source of current, means for closing said circuit and illuminating said light bulb to project the picture on the portion of the film positioned for projection through said aperture when said manual operating member is actuated, and a projecting lens in optical alignment with said picture aperture and supported by said holder whereby the image of a picture on the portion of the film positioned for projection through said aperture is projected from the device and a different picture is positioned for projection each time said manual operating member is operated."

A perusal of the claim and an examination of the device disclose that each of its elements was well known in the art prior to the issuance of the patent in suit. It combines elements found in the Cohn Patent No. 2,012,444, issued on August 27, 1935, the Jones Patent No. 1,594,267, issued on July 27, 1926, the Dumars Patent No. 1,253,220, issued January 15, 1918, the Cameron Patent No. 1,262,578, issued April 9, 1918, the Jenkins Patent No. 1,-153,110, issued September 7, 1915, the Mengel Patent No. 1,342,561, issued June 8, 1920, the Knopf Patent No. 1,096,726, issued May 12, 1914, and the Block Patent No. 1,098,085, issued May 26, 1914.

The United States Supreme Court, in the Case of Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, at page 152, 71 S.Ct. 127, at page 130, admonished the lower courts to "scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in

an assembly of old elements." And further, also 340 U.S. at page 152, 71 S.Ct. at page 130, it set up the following test to be applied to those claims: "The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable. Elements may, of course, especially in chemistry or electronics, take on some new quality or function from being brought into concert, but this is not a usual result of uniting elements old in mechanics."

The claim in suit does not pass this test. There is nothing new or novel in this projection device. Accordingly, I find that claim 7 is invalid because of prior art. Having come to that conclusion, I need not pass on the other issues raised by the defendant, and the complaint is therefore dismissed.

And now to consider the defendant's counterclaim: It asks for damages and an accounting of profits due to its harassment by the plaintiff under circumstances which show bad faith. The evidence showed that after commencing this action the plaintiff notified some of its customers to that effect. The letters make reference to the infringement by the defendant of two patents—only one was the subject matter of this suit. They do not justify a finding that there was such bad faith or malice as would constitute unfair competition. The very cases cited by the defendant in its brief sanction both the threat and the commencement of a suit against the infringer of a patent by the owner thereof. In one of them, Johnson Laboratories v. Meissner Mfg. Co., 7 Cir., 98 F.2d 937, at page 948, the Circuit Court of Appeals said that: "A patentee may properly give notice to an alleged infringer. He may bring suit. He may threaten suit against the infringer, so long as he acts in good faith without undue pressure. His steps in protection of his monopoly will be protected."

Accordingly, the counterclaim is dismissed.

Submit, on notice, decree in conformity herewith.