## LEWIS v. KROGER CO.

## LEWIS v. PROCTER & GAMBLE DISTRIBUTING CO.

### Civ. Nos. 1319, 1320.

United States District Court
S. D. West Virginia, Charleston Division.
Dec. 4, 1952.

Eston B. Stephenson, William T. George, Jr., Mrs. A. Carl Carey, Jr., Charleston, W. Va., for plaintiff.

Jackson, Kelly, Morrison & Moxley, Charleston, W. Va. (William T. O'Farrell, Charleston, W. Va.) Wood Herron & Evans, ·Cincinnati, Ohio (Truman A. Herron, Cincinnati, Ohio) for Kroger Co.

Spilman, Thomas & Battle, Charleston, W. Va. (Howard R. Klostermeyer, Charleston, W. Va.) Coudert Brothers, New York City (Walter R. Barry, New York City) for Procter & Gamble Co.

BEN MOORE, Chief Judge.

These cases are civil actions brought under 17 U.S.C.A. § 101, to recover damages and profits for alleged infringement of a copyright held by plaintiff. Since they present s'milar questions of fact and law they will be considered together. Any differences that appear will be appropriately noted.

Plaintiff is the author of a copyrighted "print" publication entitled "Tell Why Contest." The "Tell Why Contest" was first printed in the Hurricane Breeze, a newspaper published at Hurricane, West Virginia, on February 7, 1947. The print, a copy of which is made part of the complaints, consists of a full page newspaper advertisement, bearing the following caption in large letters: "Our Hundreds of Readers Throughout Putnam And Surrounding Counties Are Invited in 100 Words Or Less to Tell Why It Pays to Patronize These Business Firms." Cash awards are offered to the winners, and the following rules for the contest are set forth: "To win a prize, write a letter of not more than 100 words, telling why you like to deal with the firms taking part in this contest. It may be the firm's service or the quality of their merchandise. Write as many letters as you like. Each letter must be about one firm or product only. Mail your letter to contest editor, The Hurricane Breeze, Hurricane, W. Va. Ads will be published February 7, 14, and 21st. Letters must be in by February 25. Winners and best letters will be published February 28th."

Beneath the caption appear individual advertisements of sixteen firms or businesses in and about Hurricane, W. Va.

These have little if anything in common, ranging from a feed store to a bank, from a beauty parlor to a jeweler.

Plaintiff alleges that defendants have infringed upon his copyright by conducting s:milar contests. Appended to the complaints are copies of newspaper advertisements and contest entry blanks which plaintiff claims have been copied, in form and substance, from his print. At plaintiff's request, defendants have filed copies representative of other contests conducted by them in each of the past five years. These exhibits are essentially similar to those which plaintiff has appended to his complaints and which he claims have infringed upon his print. Therefore, for the purpose of this decision, while all exhibits have been inspected, specific consideration is given only to those originally made a part of the complaints.

Exhibited with one of the complaints is a newspaper advertisement by the Kroger Company announcing a "Get Acquainted Contest." The reader is invited to obtain his free entry blank at a Kroger store. A number of cash prizes are listed, together with the following statement: "It's Easy To Win: All You Do is Write 25 Words or Less On 'What I Like Best About My Kroger Store.'" The remainder of the advertisement mentions numerous items of merchandise, giving prices, which were being sold at that time in the store. A copy of the official entry blank, obtained at the store, contains the six rules of the contest, in addition to a space in which the entrant is expected to tell what he likes best about his Kroger store. In order to qualify for a double prize, an entrant must attach to his entry blank the top of a Kroger coffee bag.

·The other complaint exhibits a newspaper advertisement inviting the reader to get his free entry blank at a Kroger store to enter a series of contests sponsored by Procter & Gamble, featuring Procter & Gamble products. The entry blank in one of the contests enumerates eight instructions, and the entrant is required to complete the following sentence in 25 additional words or less: "I keep ————— (choose

one: Ivory Soap, Joy, Spic and Span) on hand because ————." In another contest the contestant is asked to complete the sentence, "I keep ———— (choose one: Dreft, Camay, Oxydol) on hand because: ————." The various prizes offered to the winners consist of cash awards, automobiles and expense-free vacations. An entrant is required to enclose a wrapper or box top of one of the named products with his entry blank.

■ Defendants have moved to dismiss the complaints under Rule 12(b) (6), Rules of Civil Procedure, 28 U.S.C.A., on the ground that they fail to state a claim upon which relief can be granted. Plaintiff opposes the motions, contending that since his entire case is not before the court it would be improper to dismiss the case at this time, even though the court may conclude a claim is not stated on the face of the pleadings. This contention is predicated on the theory that the exhibits appended to the complaints are merely illustrations of infringements which may have occurred in other contests conducted by defendants in the past five years. Since defendants have filed copies of representative contests conducted by them in the past five years, in accordance with plaintiff's request, I find this argument without merit. The court has before it copies of plaintiff's copyrighted print as well as copies of defendants' contests. These are all the data necessary to decide the issue of infringement. A comparison of the material may be made upon this motion, and if it appears from such an inspection that defendants' contests have not infringed upon plaintiff's print, a great deal of time and expense may be saved by dispensing with the necessity of a protracted and costly trial. Christianson v. West Pub. Co., 9 Cir., 149 F.2d 202; Lowenfels v. Nathan, D.C.N.Y., 2 F.Supp. 73; Park v. Warner Bros., D.C.N.Y., 8 F. Supp. 37. In view of 17 U.S.C.A. § 116, which provides that full costs be allowed the prevailing party, and that the court may award a reasonable attorney's fee as part of the costs, it is clear that whenever possible the issue of infringement should be speedily determined.

For the purpose of this decision it will be assumed that plaintiff has a valid copyright. The issue therefore will be confined to whether the pleadings and exhibits show that there has been infringement; for obviously, if there has been no infringement, the complaints fail to state claims upon which relief can be granted.

■ The test of infringement is whether an ordinary observer comparing the works can readily see that one has been copied from the other. "The existence of such infringement is dependent upon the question whether the ordinary reasonable person would fail to differentiate between the two works or would consider them dissimilar by reasonable observation." Allegrini v. De Angelis, D.C.Pa., 59 F.Supp. 248, 251. See also Dymow v. Bolton, 2 Cir., 11 F.2d 690; Contemporary Arts v. F. W. Woolworth Co., D.C.Mass., 93 F.Supp. 739; Roe-Lawton v. Hal E. Roach Studios, D.C.Cal., 18 F.2d 126.

■ To infringe upon a copyright there must be a discernible copying. Twentieth Century-Fox Film Corp. v. Stonesifer, 9 Cir., 140 F.2d 579; Harold Lloyd Corporation v. Witwer, 9 Cir., 65 F.2d 1. The copying must be of the means of expression. If that means be words, there must be a copying of the words. It the means of expression be some other method, the copying must conform to some pattern, so that it is clear to the ordinary reader that there is a copying. It is essential that the defendant appropriate something that is the exclusive property of the plaintiff. An idea itself is not copyrightable, and therefore there can be no infringement by appropriating an idea, which, once it is expressed, becomes public property. Holmes v. Hurst, 1899, 174 U.S. 82, 19 S.Ct. 606, 43 L.Ed. 904.

■ With the foregoing principles in mind, it is clear that there has been no infringement of plaintiff's copyright.

Both plaintiff's advertisement and defendants' material embrace the same general subject, that of advertising by conducting contests. Plaintiff does not contend that his copyright protects the idea itself.

He does maintain that it protects his method of expressing the idea. This is a correct legal principle; but a comparison of the material before me discloses that there has not been any copying of the wording or composition of plaintiff's print, nor of its basic plan or pattern, discernible to the ordinary observer. On the contrary, an examination of plaintiff's and defendants' material shows at a glance several basic differences between the two types of presentation.

Plaintiff's "Tell Why Contest" was conducted by the newspaper in which the advertisements were inserted; defendants' contests were conducted by defendants themselves. Any reader of the newspaper might compete in plaintiff's contest without using an entry blank; in defendants' contests only the possessor of an official entry blank obtained at the Kroger store might enter. The principal purpose of the Kroger and Procter & Gamble contests was to induce customers to come to the Kroger store, and while there to sell them the particular merchandise of the contest sponsor, as well as other merchandise on sale at the store; and while increased sales and business is of course the ultimate objective of plaintiff's contest, it is primarily a publicity form of advertising; for the entrant is not required to visit any of the participating firms or businesses, nor is he required to buy anything.

Even if these substantial differences did not exist, there could be no infringement in the absence of actual copying. Originality is essential as the basis of an action for copyright infringement, and a copyright cannot prevent others from using old material. Chamberlin v. Uris Sales Corporation, D.C.N.Y., 56 F.Supp. 987, affirmed 2 Cir., 150 F.2d 512. It is not the novelty of the subject matter, but the originality of the form of expression that is important. Whist Club v. Foster, D.C.N.Y., 42 F.2d 782; Yankwich, Originality In The Law Of Intellectual Property, 11 F.R.D. 457. There is certainly nothing original in conducting contests to promote business. While originality is ordinarily a question of fact, which is not to be decided on mo-

tion to dismiss, yet the mere allegation of originality in the complaints does not create a factual issue where, as here, all the ideas involved have long been public property. Plaintiff by his copyright cannot prevent defendants from using the same set of conventional ideas, so long as they do not copy, in form or substance, either plaintiff's actual print, or the literary or artistic means used in expressing plaintiff's idea. They have done neither.

For the foregoing reasons the motion to dismiss will be sustained, with costs to defendants, including an attorney fee in each case of $200. An appropriate order may be entered.