David Kusnetz, J.
This is an action for an injunction to restrain the defendant from using a name in the conduct of its business similar to that used by the plaintiff in its business. The plaintiff operates a chain of super markets in the counties of Nassau and Suffolk and in connection with its business, sells butter, eggs, and evaporated milk in packages or cans bearing the name “ Stony Brook”. This name has been used by the plaintiff for some 18 years and the plaintiff, during that time has done some advertising of the name in local newspapers and circulars. The defendant is in the business of selling and distributing fluid milk and cream. In June, 1953, the defendant changed its name to Stony Brook Dairies, Inc., and uses that name on its containers. The defendant sells its milk only at wholesale and it is then sold by the wholesalers at retail. The plaintiff sells only at retail.
It is plaintiff’s contention that the defendant’s use of the name “ Stony Brook ” constitutes unfair competition and that the defendant should be enjoined from the use of that name.
The grounds upon which unfair competition will be enjoined are (1) that the means used are dishonest; (2) that by false representation or imitation of a name or device there is a tendency to create confusion and thus work a fraud upon the public by inducing it to accept a spurious article (Dress Circle v. Franklin Simon & Co., 174 Misc. 176). A strong case must be made out to warrant the issuance of an injunction. (Stone v. Marcus Loew Booking Agency, 63 N. Y. S. 2d 220.)
There is absolutely no proof in the record before this court which would show that the means used are dishonest or for the purpose of perpetrating a fraud. Furthermore, the plaintiff has failed to show that the defendant is attempting to palm off on the purchasing public its merchandise as the merchandise of the plaintiff (Mavco, Inc., v. Hampden Sales Assn., 273 App. Div. 297).
At an examination before trial of the plaintiff by its president it was admitted by him that he had no information that any particular retail distributors had passed off to the consuming public, milk and cream sold by the defendant as plaintiff’s milk *167 and cream; nor is there any proof that there is a likelihood of confusion in the mind of the purchasing public.
Under the circumstances, judgment is rendered for the defendant dismissing the complaint.