■ HILL'S SUPERMARKETS, INC., Appellant, v. STONY BROOK DAIRIES, INC., Respondent.— In an action for an injunction and an accounting, and to recover damages, the appeal is from a judgment entered after trial dismissing the complaint.  Appellant sought to enjoin respondent from using the words "Stony Brook" for business purposes.  The facts are not controverted. Appellant operates a chain of supermarkets in the counties of Nassau and Suffolk.  For about 18 years appellant had been advertising and selling its butter, eggs and milk under the trade name or trade-mark of "Stony Brook" to the consuming public.  In 1953 respondent, a wholesaler in the business of selling milk and cream, changed its corporate name to "Stony Brook Dairies, Inc." and began to sell its containers of fluid milk under the identical name "Stony Brook" to retail stores and restaurants (not to the consuming public) in the counties of Nassau and Suffolk.  The sale of milk constitutes 99% of respondent's business.  Between 1953 and 1957 respondent's milk sales under the brand "Stony Brook" increased from 20,000 to 40,000 containers a week.  At the trial the demand for damages and an accounting was withdrawn, and the only issue left was whether appellant was entitled to injunctive relief.  There was no proof of misrepresentation, deception, confusion or loss of business.  Judgment reversed on the law, with costs, and judgment directed in favor of appellant for the injunctive relief demanded in the complaint, without costs.  The findings of fact are affirmed.  In our opinion actual proof of deception, misrepresentation, confusion or loss of business is unnecessary.  The likelihood thereof is sufficient.  (*Taendsticksfabriks Akticbolagat Vulcan v. Myers*, 139 N. Y. 364; *Albany Packing Co. v. Crispo*, 227 App. Div. 591; *New York World's Fair 1939 v. World's Fair News*, 256 App. Div. 373; *Famous Sea Food House v. Skouras*, 272 App. Div. 258; *Kientsler v. Zerr*, 279 App. Div. 877; *Diesel Oil & Burner Corp. of N. Y. v. New York Diesel Heating Corp.*, 277 App. Div. 881; 3 Callmann on Unfair Competition and Trade-Marks [2d ed 1, p. 1372; 1 Nims on Unfair Competi-

tion and Trade-Marks [4th ed.], p. 52 *et seq.*) The products of both appellant and respondent are in the same general classification (*Muhs Co.* v. *Farm Craft Foods,* 37 F. Supp. 1013), and both are sold in the confined territorial limits of Nassau and Suffolk counties. (*Ball* v. *Broadway Bazaar,* 194 N. Y. 429.) The infringement on appellant's trade name or trade-mark was a violation of appellant's rights. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. Settle order on notice. [6 Misc 2d 165.]