**BARTON CANDY CORPORATION,**
Plaintiff,

v.

**TELL CHOCOLATE NOVELTIES CORP.,**
Henry C. Ricci, Herbert Frank and
Martin Frank, Defendants.

Civ. No. 16171.

United States District Court
E. D. New York.

Nov. 18, 1959.

Bader & Bader, New York City, for plaintiff, I. Walton Bader and Hyman J. Fliegel, New York City, of counsel.

Amster & Levy, New York City, for defendants, Morton Amster, New York City, of counsel.

BARTELS, District Judge.

Plaintiff, a well known manufacturer of chocolate products, seeks redress for

alleged copyright infringement and unfair competition against the defendant Tell Chocolate Novelties Corp. and its officers and directors (hereinafter collectively referred to as "defendant"). In addition to denying plaintiff's claim, defendant in a counterclaim accuses plaintiff of bad faith, harassment and unfair competition and demands payment of costs and reasonable attorneys' fees.

On or about November 14, 1954, plaintiff designed a rectangular cardboard container, approximately 4⅛″ x 5¼″ x ⅝″, for the purpose of holding a rectangular chocolate bar designed as a greeting card. Upon the container was a design with a Christmas motif, speckled with many eight-pointed stars, showing an elfin Santa Claus figure holding in his two red gloved hands a rectangular chocolate bar upon which were the words "Season's Greetings". On November 19, 1954 plaintiff obtained certificate of copyright KK 101,612 under class (K) [(Form KK) 17 U.S.C.A. § 5] covering the design upon this container, notice of the copyright being placed on the side of the container.[1]

■ According to certificate of copyright K40616, plaintiff first placed on sale a rectangular chocolate bar or greeting card to fit this cardboard container on December 7, 1954.[2] Upon this bar, which weighed two ounces, was sculptured a picture in chocolate showing in sharp relief a small Santa Claus in a small sleigh drawn over a chimney by four reindeers. The picture was encased in a raised frame of thicker chocolate.

During the Christmas season of 1954 the chocolate greeting card and cardboard container were advertised extensively by the plaintiff ($11,652 having been spent for newspaper advertisements) and approximately 77,584 cards were sold at an aggregate price of $30,257. These cards were sold in plaintiff's stores and other retail outlets which did not carry or sell products of the defendant.

After this publication and distribution by plaintiff, defendant, another manufacturer of chocolate products, in June of 1955 decided to create its own chocolate greeting card and container, both containing a Christmas motif. Defendant claims it was not motivated by plaintiff's card and container but began its creations because of a request from one of its salesmen. There is no doubt, however, that defendant's officer saw plaintiff's greeting card and container before this time and had access to both. Defendant's chocolate Christmas greeting card is the same size, weight and shape, with the same type of raised chocolate frame, as plaintiff's card. Defendant's card also shows in sharp relief a Santa Claus in a sleigh. In this case the sleigh is drawn by only two reindeers apparently galloping down a wooded slope. Defendant's container was custom made at the direction of defendant and has the same form and dimensions as plaintiff's container. It also contains a certain number of large eight-pointed stars. Upon the side of this container there was placed a false copyright notice, defendant not having registered the item at that time.

During the Christmas season of 1955 defendant introduced its chocolate bar and container in competition with plaintiff's products. Defendant sold its product through certain variety department stores and not at all through the same channels as did plaintiff. Plaintiff claims that sales of the infringing cards were almost 50% of plaintiff's own sales.

The claim of copyright infringement is limited to the design or label on the

1. § 202.12, Rules and Regulations of the Register of Copyrights (37 C.F.R., Ch. II, part 202), relating to class K provides in part: "A print or label, not a trademark published in connection with the sale or advertisement of an article or articles of merchandise is also registered in this class on form KK".

2. The discrepancy between the dates of this copyright and copyright KK 101,612, the only one involved in this suit, in no way invalidates the latter copyright. See, United States v. Backer, 2 Cir., 1943, 134 F.2d 533, 536.

container,[3] while the claim of unfair competition includes the chocolate Christmas greeting card as well as the container. The format of the mailing label on both containers is identical but the mailing label is an insignificant and unessential part of the copyright registration. Only by an actual comparison of plaintiff's chocolate Christmas greeting card and container with defendant's chocolate Christmas greeting card and container can any similarities and dissimilarities in design and color be ascertained.

### Copyright Infringement

What are the facts in this case? Defendant's container has the same form and dimensions as plaintiff's but the form and size are not the subject of a patent or copyright in this case. It is distinctly different in the following respects: (1) Plaintiff's container has a green background while defendant's container has a red background; (2) On plaintiff's container the predominating design is the elfin figure of a red Santa Claus with a red cap, holding a chocolate bar with "Season's Greetings" inscribed thereon. As part of this pictorial illustration there appears a yellow banner at the bottom of the container, extending across the container below the Santa Claus and having inscribed thereon the words "Chocolate Greeting Card". The primary design on defendant's container is the upper torso and head portion of a large Santa Claus with a white cap and a black belt, holding a Christmas package or card apparently for delivery down the chimney shown on the container. The package held by the Santa Claus is green in color and has a small hangtag with a Christmas salutation. The color yellow is not used on the container; (3) Upon plaintiff's container in front and on the green border in back, as well as on three of its sides, there appears at close intervals a number of so-called eight-pointed stars uniform in size, in yellow and red. Upon the front panel of defendant's container there are only three so-called eight-pointed stars, which are apparently gold in color and of different sizes. However, on three sides of defendant's container appear larger eight-pointed stars, some gold and some white, which are more widely spaced than those on plaintiff's container; (4) The Santa Claus on plaintiff's container is a small descriptive figure against a green background, whereas the Santa Claus on defendant's container is a large, fat character, only half of whose figure appears on the container and whose red garb merges with the red background, who carries in his left hand, in addition to his package, a sprig of fir.

As stated in Mazer v. Stein, 1954, 347 U.S. 201, at page 217, 74 S.Ct. 460, at page 470, 98 L.Ed. 630:

> "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself."

The appropriation of an idea, once expressed, will not constitute an infringement of a copyright. Lewis v. Kroger Co., D.C.W.Va.1952, 109 F.Supp. 484. Nor is there any infringement in the development of a general idea appropriated from another work if the two works bear no resemblance to each other. Echevarria v. Warner Bros. Pictures, Inc., D.C.Cal.1935, 12 F.Supp. 632.

Moreover, there is no prohibition imposed upon an independent reproduction of a copyrighted work even if the two works resemble each other because there is no copying. Ricker v. General Elec. Co., 2 Cir., 1947, 162 F.2d 141; Fred Fisher v. Dillingham, D.C.N.Y. 1924, 298 F. 145; see, Shulsinger v. Grossman, D.C.N.Y.1954, 119 F.Supp. 691. If the two works are the result of the independent intellectual effort of two authors and are derived from common sources available to all, there can be no infringement. Greenbie v. Noble, D.

---

3. Letters Patent for a mailing container of the form and shape of the container used by plaintiff were issued in December, 1920 (#1,361,965). The patent expired in December, 1937.

C.N.Y.1957, 151 F.Supp. 45. If the same idea "can be expressed in a plurality of totally different manners, a plurality of copyrights may result, and no infringement will exist." Dymow v. Bolton, 2 Cir., 1926, 11 F.2d 690, 691.

Here it is unnecessary to state whether the idea of a container with a Christmas design and motif enclosing a chocolate Christmas greeting card was copied because the idea is not and cannot be protected by the copyright laws; it therefore may be appropriated. The real question presented is whether the expression of the idea was copied. The common definition of a copy is that which is a reproduction of an original work. A much quoted definition appears in White-Smith Music Pub. Co. v. Apollo Co., 1908, 209 U.S. 1, on page 17, 28 S.Ct. 319, on page 323, 52 L.Ed. 655, where the court said:

> "* * * We have already referred to the common understanding of it as a reproduction or duplication of a thing. A definition was given by Bailey, J., in West v. Francis, 5 Barn. & Ald. 743, quoted with approval in Boosey v. Whight, supra. He said: 'A copy is that which comes so near to the original as to give to every person seeing it the idea created by the original.'"

Where dissection, rather than observation, is required to discern any resemblance, there has been no copying. Dymow v. Bolton, supra. The idea of Santa Claus as part of the Christmas motif belongs to the public domain and cannot be withdrawn by a copyright (see, Tralins v. Kaiser Aluminum & Chemical Corp., D.C.Md.1958, 160 F.Supp. 511–516); but the reproduction of this idea in different combinations, adaptations, arrangements or mediums of expression which are sufficiently original will be protected by the copyright laws. Allegrini v. De Angelis, D.C.Pa.1944, 59 F.Supp. 248, 250.

Applying the above principles to the facts in this case, the Court finds that the defendant's container represents a totally different expression, adaptation and arrangement, both in design and color, of the Santa Claus idea and Christmas motif than that depicted upon the plaintiff's container. Moreover, no ordinary, reasonable person would fail to differentiate the two containers. The accused container, therefore, does not infringe upon the plaintiff's copyright.

### Unfair Competition

Not only is the design and label on defendant's container distinctly dissimilar to that on plaintiff's container, but the Court finds that defendant's chocolate bar or greeting card is distinctly different from plaintiff's chocolate bar or greeting card. These differences appear as follows: (1) Plaintiff's bar has sculptured upon it, with sharp relief, a Santa Claus and his sleigh drawn by four reindeers—a small single in front, a large pair in the middle and a small single in the rear. The reindeers are large; the Santa Claus is small; the sleigh is small; the Santa Claus appears to glide through the sky as there is a sky at the top of the picture and the edge of a home and chimney over which the sleigh is being drawn in the right bottom corner of the picture. Defendant's bar has sculptured upon it, in relief but not sharply, a Santa Claus being drawn by two reindeers down a wooded slope or mountainside. The reindeers and the sleigh seem to be about the same size or proportion. On plaintiff's card the reindeers predominate, and on defendant's card the Santa Claus and his sleigh predominate; (2) On plaintiff's card the words "Season's Greetings" appear in upper and lower case letters, with a raised banner extending across the bar below the four reindeers. On defendant's card the words "Season's Greetings" appear in the upper frame work of the plaque and are composed of upper case letters; (3) The background of plaintiff's card is celestial. The background of defendant's card is a wooded mountainside.

The joinder of the plaintiff's claim for unfair competition to its claim under the copyright laws rests upon §

1338(b) of Title 28 U.S.C.A., which gives this Court jurisdiction of the claim for unfair competition "when joined with a substantial and related claim under the copyright" laws. It is questionable in this case whether the claim of copyright infringement is "substantial and related". In the interest of expediting the disposition of both claims at one time, the Court believes it should resolve this question in the affirmative.

Plaintiff's claim for unfair competition is based upon the design, format and size of its container and the design, format and size of the Christmas motif on its chocolate Christmas card in comparison with the defendant's product.

 Coming to the fundamental principles of unfair competition in this case, the plaintiff, to prevail, must establish (1) the "palming off" of defendant's product as plaintiff's product, or (2) "consumer-confusion" between the two products because plaintiff's product had acquired a secondary meaning or because of other reasons, or (3) misappropriation of plaintiff's property or merchandise through misrepresentation or some other form of commercial immorality.

In the earlier cases unfair competition was strictly related to the " 'palming off' * * * of the goods of the seller as those of another". Dior v. Milton, N.Y.Co.1956, 9 Misc.2d 425, 155 N.Y. S.2d 443, 452, affirmed 1st Dept. 1956, 2 A.D.2d 878, 156 N.Y.S.2d 996; Pocket Books, Inc. v. Meyers, 1944, 292 N.Y. 58, 54 N.E.2d 6. In this case there is no evidence that the defendant "palmed off" or attempted to "palm off" its container and Christmas card as the container and Christmas card of the plaintiff.

 If the plaintiff can establish that its product had acquired a secondary meaning, i. e., that it was so clearly identified with its source or maker that its supply from any other source would cause "consumer-confusion", then the plaintiff's task would be over (proof of actual instances of confusion not being required). Briddell v. Alglobe Trading Corp., 2 Cir., 1951, 194 F.2d 416, 421; Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 1917, 247 F. 299, 300. No such secondary meaning with respect to the plaintiff's product was established here. It should be stated, however, that under the New York law applicable to this case,[4] it is unnecessary for plaintiff to succeed in an unfair competition action to establish a secondary meaning. Santa's Workshop, Inc. v. Sterling, 3rd Dept. 1953, 282 App.Div. 328, 122 N.Y.S.2d 488 affirmed 3 N.Y.2d 757, 163 N.Y.S.2d 986; Avon Periodicals, Inc. v. Ziff-Davis Pub. Co., 1st Dept. 1953, 282 App.Div. 200, 122 N.Y.S.2d 92.

 Indeed, "consumer-confusion" may be created among the more careless buyers by a plagiarized design even though plaintiff's product is without a secondary meaning, in which event defendant may be charged with unfair competition. See, American Chicle Co. v. Topps Chewing Gum, 2 Cir., 1953, 208 F.2d 560, 563. But here there is no similarity of designs which would justify a finding of plagiarism upon which "consumer-confusion" and unfair competition may be founded.

 Absent (1) "palming off" and (2) "consumer-confusion", plaintiff has no legal complaint unless it is able to establish misappropriation of plaintiff's property or merchandise through misrepresentation or some other form of inequitable conduct. With the passage of time and the development of new business techniques it became necessary to extend the doctrine of unfair competition beyond the cases of "palming off" and to include within its ambit the misappropriation of what equitably belongs to a competitor. International News Service v. Associated Press, 1918, 248 U.S. 215, 241, 242, 39 S.Ct. 68, 63, L.Ed. 211; A.L.A. Schechter Poultry Corp. v. United States, 1935, 295 U.S. 495, 531, 532, 55 S.Ct. 837, 79 L.Ed.

4. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

1570; Dior v. Milton, supra; Norwich Pharmacal Co. v. Sterling Drug, Inc., D.C.N.Y.1958, 167 F.Supp. 427. Nevertheless, the law still requires a showing of misrepresentation or unfair invasion or interference with plaintiff's property or merchandise. Hill's Supermarkets, Inc. v. Stony Brook Dairies, Inc., Nassau Co.1957, 6 Misc.2d 165, 163 N.Y.S.2d 83; Dior v. Milton, supra; see, Schaefer, Inc. v. Mohawk Cabinet Company, Inc., D.C. N.Y.1958, 165 F.Supp. 688. Defendant, at most, copied an idea; but copying an idea for a product is not *per se* unfair competition. Sel-O-Rak Corp. v. Henry Hanger & Display Fixture Corp. of America, D.C.Fla.1958, 159 F.Supp. 769; see, Tas-T-Nut Company v. Variety Nut & Date Company, 6 Cir., 1957, 245 F.2d 3; W. E. Bassett Co. v. H. C. Cook Co., D.C.Conn.1958, 164 F.Supp. 278. There was no evidence adduced at the trial to establish that the defendant by misrepresentation or any other form of commercial immorality misappropriated the plaintiff's property. The defendant's product was not in competition with the plaintiff's product and there was no "consumer-confusion" in the mind of the public between the two products. The claim for unfair competition is, therefore, without merit.

### Defendant's Counterclaim and Application for Attorneys' Fees

 Defendant's counterclaim is based upon the theory that the action was brought in bad faith and that the plaintiff has been guilty of harassment and unfair competition in forcing the defendant to defend the action. The Court finds no evidence to justify a finding of bad faith or harassment. Accordingly, the counterclaim is dismissed. (See, Stephens Products Co., Inc. v. Fillum Fun, Inc., D.C.N.Y.1951, 99 F.Supp. 649.)

Pursuant to Section 116 of Title 17 U.S.C.A., full costs are awarded to the defendant. Defendant also petitions the Court for an award of attorneys' fees. The award of a reasonable attorney's fee as part of costs rests in the sound discretion of the Court. Marks v. Leo Feist, Inc., 2 Cir., 1925, 8 F.2d 460, 461. In copyright cases attorneys' fees have been awarded in some instances and in other instances have been denied, the general principle being that attorneys' fees are awarded only "where dictated by equity and good conscience". National Brass Co. v. Michigan Hardware Co., D.C.Mich.1948, 75 F.Supp. 140, 142. They have generally been denied unless plaintiff's claim was capricious or unreasonable, Morse v. Fields, D.C.N. Y.1954, 127 F.Supp. 63, 69, or unless the situation calls for "penalization of the losing party". Cain v. Universal Pictures Co., Inc., D.C.Cal.1942, 47 F.Supp. 1013, 1019. The Court finds that none of those conditions exist and the defendant's claim for attorneys' fee is accordingly denied.

The foregoing opinion contains the Court's findings of fact and conclusions of law pursuant to Fed.Rules Civ.Proc. Rule 52, 28 U.S.C.A. Enter judgment accordingly.