A. J. SANDY, INC., Respondent, *v.* JUNIOR CITY, INC., et al., Appellants, et al., Defendants.

First Department, December 4, 1962.

*N. H. Elman* of counsel (*Ruben Schwartz,* attorney), for appellants.

*Howard Gotbetter* for respondent.

STEVENS, J. This is an appeal from so much of an order entered July 16, 1962, as denied the defendants' motion to make the complaint more definite and certain pursuant to rule 102 of the Rules of Civil Practice, and to dismiss each of the 10 causes of action pursuant to rule 106 of the Rules of Civil Practice, for insufficiency.

The complaint herein contains 10 causes of action which can be classified into two sets of five, each of which is identical except for the style number of the dress involved.

The first cause of action alleges plaintiff created and designed a checked solid material dress, the design of which is based upon a detachable skirt which can be put on or removed from a full dress by means of a hidden zipper. The second cause deals with a gingham plaid and solid material combination dress of similar design. The dresses were marketed by plaintiff under the name of " Zip-Around ". It is alleged that defendants Weiner and Fingar were employed by plaintiff when the designs were developed and had access to the dress designs, photographs, artwork and literary material (termed copyrightable materials) created by plaintiff. Thereafter they established the defendant corporation, Junior City, of which they and one Rosenthal are the sole officers, directors and stockholders. It is alleged that defendants pirated, plagiarized and infringed upon such copyrightable materials which were protected under plaintiff's rights of common-law copyright. In brief, the first and second causes are based upon infringement of alleged common-law copyright.

The third and fourth causes allege conversion of such copyrightable materials as to each design. The fifth and sixth causes allege unfair trade practices; the seventh and eighth seek an accounting, and the ninth and tenth an injunction as to each design.

No answer has been served. Upon a motion to dismiss, the complaint is to be liberally construed (Civ. Prac. Act, § 275), the allegations taken as true, and the complaint is deemed to allege whatever can be implied by fair intendment (*Howard Stores Corp.* v. *Pope,* 1 N Y 2d 110). The inquiry is whether the

complaint, or in this case, particular causes as well, state, in some recognizable form a cause of action known to the law. (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 224.)

Before entering upon a discussion of the various causes it is well to have clearly before us what is meant by the term '' common-law copyright ''. The term has been defined as the property in intellectual productions conferred by the common law, that is, the exclusive right to make first publication of it, or the right to copy it in the first instance. (18 C. J. S., Copyright and Literary Property, § 2.) It has been termed the right of first publication (*Palmer* v. *De Witt,* 47 N. Y. 532, 537), or the exclusive privilege of first publishing any original material product of intellectual labor. Generally, such common-law property rights are lost upon publication with assent, but not by improper and unauthorized interference.

The first and second causes of action link inseparably dress design, artwork, photographs and literary material under the broad heading '' copyrightable materials ''. In the absence of copyright or design patent, dress designs clearly are not protected by so-called common-law copyright, for design copyrights do not exist at common law. (*Chas. D. Briddell, Inc.,* v. *Alglobe Trading Corp.,* 194 F. 2d 416; *Millinery Creators' Guild, Inc.,* v. *Federal Trade Comm.,* 109 F. 2d 175.) And there is no protection against what has come to be known as style piracy (cf. *Varsity Sportswear* v. *Princess Fabrics Co.,* 174 Misc. 298, 302).

The term '' Zip-Around '' being a word of common speech and purely descriptive is not subject to exclusive appropriation by plaintiff in the context in which it appears in the first and second causes (cf. *Neva-Wet Corp.* v. *Never Wet Processing Corp.,* 277 N. Y. 163). More, however, is alleged or may be inferred than the mere taking of the dress design. This is because of the allegation of the employer-employee relationship between plaintiff and two of the individual defendants, the subsequent formation of the defendant corporation, and some implication of individual wrongdoing in breach of the employment relationship.

The first and second causes make reference to certain literary material, artwork and photographs. While there can be no literary property in ideas as such, '' [t]here may be literary property in a particular combination of ideas or in the form in which such ideas are embodied.'' (Cf. *Fendler* v. *Morosco,* 253 N. Y. 281, 287.) There are no exhibits before us so no judgment can be passed thereon. It may be that plaintiff, by the omission of dress designs, or in the absence of an inseparable coupling of dress designs with the other property referred to, could well plead a proper cause of action sufficient to withstand attack.

Nor can we tell from the pleading if the alleged pirating and distribution by defendants occurred before publication by plaintiff. Plaintiff should be afforded an opportunity to replead.

The third and fourth causes alleged a conversion of plaintiff's copyrightable materials. The articles embraced within the term "copyrightable materials" have been enumerated and some are personal property. Though the dress designs may not be subject to conversion, it does not follow, necessarily, that plaintiff's property rights in and ownership of the other articles could not have been converted, the more so in light of the employment alleged. However, the plaintiff merely alleges that the defendants "wrongfully converted said Copyrightable Materials". In other words, the plaintiff's claim of conversion rests solely upon the two words "wrongfully converted". Such words are conclusory and tell us nothing from a factual standpoint. We cannot ascertain with any degree of precision if the conversion refers to a physical conversion of property only, or a conversion of ideas. Nor can we determine in what manner such conversion occurred. The plaintiff in order to properly plead these causes should be required to plead facts from which we may determine if the conclusory words "wrongfully converted" have a proper basis.

The fifth and sixth causes allege unfair competition or unfair trade practices, and are clearly sufficient as stating a cause of action. Here there is an allegation of secondary meaning, confusion in the minds of the purchasing public, and damage, all because of defendants' wrongful acts. It may be noted that the scope of liability in this field is constantly expanding and goes beyond the restricted concept of palming off (cf. *Board of Trade* v. *Christie Grain & Stock Co.*, 198 U. S. 236; *Schechter Corp.* v. *United States*, 295 U. S. 495; Restatement, Torts, vol. 3, ch. 35, § 711, *Introductory Note* [p. 538]; § 741, *Comments* a, b and f; *Dior* v. *Milton*, 9 Misc 2d 425, 427, affd. 2 A D 878; cf. *Mastro Plastics Corp.* v. *Emenee Ind.*, 16 A D 2d 420; *Avon Periodicals* v. *Ziff-Davis Pub. Co.*, 282 App. Div. 200). It should be remembered also that there is an allegation of a prior employer-employee relationship.

The seventh and eighth causes, seeking an accounting, and the ninth and tenth causes, which seek injunctive relief, deal with remedies and are sufficient.

Accordingly, the order appealed from should be modified on the law to dismiss the first, second, third and fourth causes of action with leave to replead, and as so modified otherwise affirmed, without costs.

McNally, J. (dissenting). I dissent and vote to affirm.

The first to fourth causes of action, inclusive, are directed to all defendants. Defendants Weiner and Fingar were former employees of plaintiff. The allegations enable plaintiff to establish that the said individual defendants, in violation of their obligation as employees and before plaintiff had distributed its products, copied plaintiff's designs and misappropriated advertising material and thereafter exploited the designs and advertising material to the financial advantage of all defendants. Although there may not be any common-law copyright of a design, where, as here, in violation of contract, designs and advertising material incident thereto are appropriated and published without the owner's consent, there is a wrongful interference with property rights. (*Dior* v. *Milton*, 9 Misc 2d 425, affd. 2 A D 2d 878.)

Rabin, J. P., Eager and Bergan, JJ., concur with Stevens, J.; McNally, J., dissents in opinion.

Order, entered on July 16, 1962, so far as appealed from, modified, on the law, to dismiss the first, second, third and fourth causes of action with leave to replead, and, as so modified, affirmed, without costs.