## First Department, January, 1977

### (January 4, 1977)

■ Allied Maintenance Corporation, Respondent, v Allied Mechanical Trades, Inc., Appellant.—Judgment, Supreme Court, New York County, entered on March 22, 1976, reversed, on the law and the facts, and the judgment vacated, and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. After trial, a judgment of injunction was granted plaintiff-respondent against use of the name "Allied" by defendant-appellant in its corporate title. The parties are not competitors in their own peculiar specialties relating to maintenance of buildings, nor are they likely to be. Allied Maintenance works in many fields of building maintenance, but is primarily a specialist in cleaning; Allied Mechanical Trades confines its attention to repair and maintenance of heating, ventilating and air conditioning aspects. There was no proof of palming off or deception, nor of appropriation of business or custom, nor of any intent to engage in either practice. Indeed, the court found that no one was actually deceived. Though at one time defendant had an advertising flyer listing 101 services, it is not shown to have been competitive or deceptive and, in any event, is not now extant. Defendant cannot be said to advertise at all in the usual sense; even its trucks, unlike those of plaintiff, are anonymous. In short, it may truthfully be said that it sought to enjoin defendant from doing what it is not doing. The only finding that might support an injunction was that plaintiff had acquired the benefit of a secondary meaning, but there was an absence of evidence that this was so. Plaintiff's name has not acquired such a meaning that use by another of the key word might be regarded as a palming off. (Cf. *Sample Inc. v Porrath,* 41 AD2d 118, affd on opn below 33 NY2d 961.) Though the court found a likelihood of confusion between the names, no actual confusion was demonstrated. Nor is there an implication in the use of the name of deliberately caused confusion. (Cf. *Hills Supermarkets v Stony Brook Dairies,* 7 AD2d 756, affd 8 NY2d 1133, in which defendants took as a name one which had theretofore been used by plaintiff for one of the comparable products it sold.) And the comparative amount of advertising and publicity carried on by the parties is of no moment; indeed, it is indicative that defendant is not riding on plaintiff's coattails. In any event, a result of deception would indicate

confusion, and there is no such showing. In sum· no user of the services of either party has been or may probably be confused or deceived by any similarity in the names of the parties. It is observed that customers for the services in question are sophisticates who are far more likely than not to seek the services rather than the name. Concur—Stevens, P. J., Markewich and Silverman, JJ.; Kupferman and Lynch, JJ., dissent and would affirm on opinion of Bissell, J., at Trial Term.